# DONOVAN *a.* HUNT.

*Supreme Court, First District; General Term, June,* 1858.

ANSWER.—DEFENCES.

The fact that after the commencement of the action, the debt, to recover which it was brought, was attached in the hands of the defendant by creditors of the plaintiff by proceedings in another State, and that, such proceedings having been regularly conducted to judgment, the defendant paid over the fund therein, is a complete defence.

Of the construction of an answer containing several defences.

Motion for judgment upon a verdict taken subject to the opinion of the court.

The facts are stated in the opinion.

By THE COURT.—INGRAHAM, J.—This action was to recover three hundred dollars and interest, for goods which the plaintiff alleged the defendant had sold on his account. The answer admitted the receipt of the goods, but alleged they were to be sold on credit, and that the credit had not expired. It also denied the alleged value of the property. It also admitted that all the property had been sold; and averred that the defendant had paid all the proceeds which had become due. It then set out attachment proceedings in Rhode Island against the plaintiff, by which the property in the hands of the defendant was attached for the benefit of creditors of the plaintiff, and the money sued for was paid by the defendant under those proceedings. Those proceedings were subsequent to the commencement of this action.

Upon the trial of the cause, the defendant waived the defence as to the sale on credit, and admitted the balance due to the plaintiff, relying on the defence of the proceedings on the attachment. The plaintiff admitted the facts as set up in the answer, in regard to the attachment proceedings to be true, and that the defendant paid the balance in his hands according to the provisions of law in Rhode Island. A verdict was taken subject to the opinion of court.

The plaintiff urges before us that the attachment proceedings were void as to him, because at the time they were levied there were no funds in defendant's hands due to the plaintiff, and therefore nothing on which the attachment could be levied. He relies on the answer of the defendant, as establishing this fact. If, however, the answer is to be taken as true for one purpose, it must be for another.

If the defendant had no funds in his hands at the time the attachment was levied, then it is very clear the plaintiff could not recover, because this action was commenced before the levy of the attachment.

But whatever might have been the rule, if the case had been decided upon the pleadings, the admission made by the parties on the trial relieve the case from any difficulty.

The defendant waived the defence of credit, and admitted the balance due from him to the plaintiff, and the plaintiff admitted that such balance had been attached by proceedings against the defendant in favor of a creditor of the plaintiff, and that the defendant had, after judgment, paid the money according to the laws of Rhode Island. This, in my judgment, furnishes a complete defence. It is too late for the plaintiff to say that these proceedings were not legal, because he has admitted that they were conducted according to law, and the payment was made as required by law. Even without the admission, the defence would have been sufficient. The answer admits that the whole property had been sold, but denies that the sale was on credit. As factor, the defendant held the claim for his principal, and could have maintained an action for it in his own name. For aught that appears in the case, he sold the goods in his own name. This claim, although not due, was liable to attachment in the defendant's charge, as much as if he had held the money, and whether payable or not, he was bound to retain it under that attachment.

In any aspect of the case, the defendant was entitled to judgment.