CYRUS D. ANGELL, APPELLANT, *v.* WILLIAM VAN SCHAICK AND OTHERS, RESPONDENTS.

*Contract — what allegations as to its being in violation of a statute of the State where made, and as to the law of that State, are insufficient — what repugnancy between a statute and a contract will prevent a recovery on the latter.*

In an action to recover commissions, alleged to have been earned by the plaintiff, as a broker, in procuring a purchaser for real estate owned by the defendant, a demurrer was interposed to the defense set up in the answer which defense alleged that the plaintiff had never received any license, as a real estate broker, as was required by the statutes (reciting them) of the State of Pennsylvania, where the property sold was situated and the brokerage contract set forth in the answer was made, which, as alleged therein, " are the whole of the laws and statutes of the said State of Pennsylvania relating to real estate brokers, and their commissions and licenses as such, and the fees or sums of money to be paid therefor, as well as the terms and conditions of granting such commissions, and the penalties and prohibitions imposed for failure to procure such commissions, and the highest court of ultimate and appellate jurisdiction of said State of Pennsylvania, in a proper case brought before it for review, has decided, and still holds, that a real estate

broker not having such commission, or not having paid, or caused to be paid, into the treasury of the proper county, the sum of money required by said laws and statutes to procure the same, cannot recover compensation or commissions for his services as such real estate agent or broker."

*Held,* that there was no averment in the answer that there was any law of the State of Pennsylvania which would prevent the plaintiff from recovering his commissions for services as a broker under the statutes above mentioned. (CORLETT, J., dissenting.)

That the statement that the highest court of that State had decided, " in a proper case " before it, that a person cannot recover commissions, as a real estate broker, who has not taken out a license, was not an assertion that, by the law of Pennsylvania, such a recovery could not be had. (CORLETT, J., dissenting.)

That the decision of the highest court of that State would be a means, and only one of many means, of ascertaining the law of that commonwealth; and in the absence of averments as to the particular circumstances attending the case would not, standing alone, be deemed to be the law governing all cases.

That, in the absence of any averment that the omission of the plaintiff to take out a license was with intent to evade and violate the laws of Pennsylvania, the answer was insufficient as a defense.

The mere repugnancy of a contract to a statute of another State, designed apparently only to raise revenue therein, is not sufficient to prevent a recovery of compensation for services rendered under such contract made in a foreign jurisdiction where the action is brought in this State.

A contract, valid in the State of New York, will not be declared invalid by the courts of this State, because of the fact of its being in violation of the laws of the State where the contract was made, unless it appears either that the act of entering into the contract was made a crime, or that the contract was prohibited altogether, or was declared to be null and void by the foreign statute.

In interposing a demurrer the demurrant does not admit the construction put upon statutes by the pleading demurred to, or the correctness of inferences, but only the truth of such facts as are properly stated in the pleading demurred to.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of Cattaraugus on the 2d day of October, 1889, overruling the plaintiff's demurrer to the second defense set up in the answer, " and adjudging that the facts set up or alleged in the second defense are sufficient in law to constitute a defense to the cause of action set up and alleged in the complaint."

The action was brought to recover commissions alleged to be due to the plaintiff, as a real estate broker, upon a sale claimed to have been effected by him of certain property in McKean county, in the State of Pennsylvania. The answer was as follows.

I. The defendants William Van Schaick, Holland D. Van Schaick and Josiah F. Van Schaick, for an amended answer, answer the

plaintiff's complaint in this action and deny the same and each and every allegation therein contained.

II. And for a second and further answer to said complaint, the said defendants, William Van Schaick, Holland D. Van Schaick and Josiah F. Van Schaick, allege on information and belief that at the time that the plaintiff alleges in his said complaint herein that the defendants agreed with him that if he would negotiate a sale of the property mentioned in said complaint, and would procure a purchaser therefor willing to purchase of said defendants said property at the price and upon the terms alleged in said complaint, they would pay him for such services a commission of $500 therefor, and at the time that the plaintiff alleges in said complaint that he accepted said employment, and did in pursuance thereof, and on or about May 7th, 1886, procure a purchaser for said property willing to pay said price therefor, and did introduce said purchaser to the defendants at about said time, and that said purchaser and the defendants herein agreed in respect thereto, and at all the times mentioned in said complaint, the said plaintiff was engaged in the business of a real estate broker in the city of Bradford, county of McKean and State of Pennsylvania, without having paid or caused to be paid the license fee or sum of money, and without having received or procured the commission provided and required by the laws and statutes of the State of Pennsylvania hereinafter alleged and set forth; and that at all of said times the plaintiff had never received any commission or license required by said laws and statutes of the said State of Pennsylvania, and had never paid or caused to be paid into the treasury of any county of or within the said State of Pennsylvania for such commission or license any sum of money whatever, nor the sum of money required by said laws and statutes of the said State of Pennsylvania for such commission; and that during the entire years 1885 and 1886 the plaintiff was a real estate broker and carried on the business and used and exercised the occupation of a real estate broker in said city of Bradford, aforesaid, and there had his only and principal office for the transaction of his said business of a real estate broker; that during the entire years 1885 and 1886, the plaintiff did not reside in any county or city in the said State of Pennsylvania, except in said city of Bradford, in

said county of McKean; that during the entire years 1885 and 1886 the plaintiff resided in said city of Bradford in said county of McKean, and State of Pennsylvania, and did not at any time reside elsewhere in said State of Pennsylvania; that the plaintiff had never received any license or commission previous to the 1st day of January, 1887, from the county treasurer of the said county of McKean, nor from any other proper officer of said county of McKean, nor from the county treasurer or other proper officer of any of the counties of or within the said State of Pennsylvania, authorized to grant, issue or deliver commissions to real estate brokers doing business within said State of Pennsylvania as such real estate brokers, pursuant to said laws and statutes of the said State of Pennsylvania; that the plaintiff has never paid nor caused to be paid to said county treasurer or other proper officer of the said county of McKean, nor of any other county in said State of Pennsylvania the fee or sum of thirty dollars or any other fee or sum, for such commission or license to transact business as such real estate broker, or to use or exercise the business or occupation thereof within said county of McKean or State of Pennsylvania, required by said laws and statutes of said last named State; that the whole of the said alleged services of the plaintiff for the defendants herein, and all the other matters and transactions alleged in said complaint, so far as any thereof ever occurred, took place or were transacted, or performed, occurred, took place and were performed and transacted in said city of Bradford in said county of McKean and State of Pennsylvania, and none thereof were performed, transacted nor agreed to be done, performed or transacted without said county of McKean; and that the land and property alleged and mentioned in said complaint was wholly situated in said county of McKean.

That during the whole of the year 1886 the following acts of assembly of said State of Pennsylvania were in full force and effect, and were existing laws and statutes of said State of Pennsylvania, and the same are still in full force and effect, and such existing laws, and were duly passed by the legislature of the State of Pennsylvania, and approved by the governor thereof before said year 1886, to wit:

" Section 1. When any individual or copartnership residing in the city or county of Philadelphia shall have paid one hundred dollars,

or if residing in the city of Pittsburgh or county of Allegany shall have paid fifty dollars, or if residing in any other county of this commonwealth shall have paid thirty dollars into the treasury of the county in which he, she or they shall respectively reside for the use of the commonwealth, with a view to the use and exercise of the business or occupation of a stock-broker, the treasurer of the proper county shall thereupon grant to such individual or copartnership a commission in legal form, under the seal of said county, authorizing him or them to purchase and sell as agents or for the use and benefit of others in the city or county to be designated in said commission for such brokerage, commission or other compensation as may be agreed upon between the parties, any public loan or stock and the stock of corporations, institutions and companies or other securities in the nature thereof, that have been, or may be hereafter authorized by or under any law of the United States or any separate State or territory of the United States, and generally to do and perform all other lawful acts or things incident to the business of a stock-broker, for the term of one year from the date of such commission."

And that sections 2 and 3 of said laws and statutes contain similar provisions in regard to exchange-brokers, and that section 4 of said laws and statutes contains similar provisions in regard to bill-brokers, and that section 5 of said laws and statutes, in so far as relates to renewals of such commissions (or licenses) reads as follows to wit:

"For each and every succeeding year during which any individual or copartnershp shall continue to use or exercise the business or occupation either of stock-broker, exchange-broker or bill-broker as aforesaid, he, she or they shall pay or cause to be paid in advance into the treasury of the proper county as aforesaid for the use of the commonwealth, the sum in the respective cases above stipulated, and receive a new commission as aforesaid;" and that section 6 of said laws and statutes reads as follows, to wit:

"No individual or copartnership, other than those duly commissioned under the provisions of this act, shall use or exercise the business or occupation of a stock-broker or exchange broker or bill-broker, under a penalty of five hundred dollars for each and every offense, to be recovered as debts are by law recoverable, one-half for the use of the commonwealth, and the other half for the use of the guardians of the poor, in the city or county where said

offense shall have been committed;" and that section 8 of said laws and statutes reads as follows, to wit:

"All the provisions of the act entitled 'An act to authorize the licensing of stock-brokers, exchange-brokers and bill-brokers,' passed the 27th day of May, 1841, be and the same hereby are extended to real estate brokers and merchandise brokers."

That all of said sections above quoted and alleged (except the last one), were duly passed by the said legislature of said State of Pennsylvania May 27, 1841, and are the sections, act of such legislature, and laws referred to in said "section eight;" and said section eight was passed by said legislature April 10, 1849, and the foregoing alleged and quoted sections of laws are the whole of the laws and statutes of said State of Pennsylvania relating to real estate brokers and their commissions and licenses as such, and the fees, or sums of money, to be paid therefor, as well as the terms and conditions of granting such commissions, and the penalties and prohibitions imposed for failure to procure such commissions; and the highest court of ultimate and appellate jurisdiction of said State of Pennsylvania, in a proper case brought before it for review, has decided and still holds, that a real estate broker not having such commission or not having paid or caused to be paid into the treasury of the proper county, the sum of money required by said laws and statutes to procure the same, cannot recover compensation or commissions for his services as such real estate agent or broker.

That by the laws and statutes of the State of Pennsylvania the plaintiff was absolutely prohibited from using or exercising the business or occupation of real estate broker within the State of Pennsylvania, under a penalty of $500 at and during all the times and periods of time mentioned in said complaint, and was also thereby prohibited from recovering in an action any compensation or commissions for his alleged services as a real estate broker, alleged in said complaint.

That in the courts and law-making bodies of the State of Pennsylvania the words "Act of Assembly," mean the same as the words "Act of the Legislature," and the word "Commonwealth" means the same as the word "State."

That the plaintiff before the 1st day of January, 1887, had never paid or caused to be paid the sum or fee provided and required by

said "section 5," of said laws and statutes, and up to that time had never received a new commission as provided by said "section 5."

Wherefore the defendants, appearing herein, demand judgment, that the plaintiff's said complaint may be dismissed, with costs."

*William H. Henderson*, for the appellant.

*E. D. Northrup*, for the respondents.

MACOMBER, J. :

The plaintiff, who describes himself in the complaint as a real estate broker, having his office at Bradford, Pennsylvania, brings this action to recover of the defendants, who are residents of this State, the sum of $500, as the agreed price for his services in procuring for them a person who was willing and able to, and who, in fact, actually did, enter into a contract for the purchase of lands of the defendants in the year 1886, in McKean county, in the State of Pennsylvania, for the sum of $30,000.

The second defense, which is demurred to on the ground that it is insufficient in law to constitute a defense to the cause of action set forth in the complaint, alleges the existence, at the time of making of the contract, of certain statutes in the State of Pennsylvania, whereby it was made incumbent upon all real estate brokers to pay into the treasury of the county the sum of thirty dollars as a license fee for doing the business of real estate brokerage. In default of procuring a license, a penalty of $500 was imposed upon any person who should engage therein, to be recovered in an action at law, as debts are, one-half going to the people, and the other half to the guardians of the poor.

The learned counsel for the respondent asserts that these statutes made the failure to take out a license for this business an offense. If it is meant thereby to state that such violation was punishable as a crime, the statement is erroneous. A penalty of $500, to be recovered in an action at law, as debts are, is prescribed for each offense, it is true, but the term "each offense" in that connection does not mean a crime, but only an omission or failure of duty year by year.

It is also contended by the respondents' counsel that, by the law of Pennsylvania, the plaintiff would be unable to recover in that

State his commissions or any compensation for such services under the statutes above mentioned. There is not, however, in the answer any averment that there is a law of Pennsylvania which would lead to this result. It is stated in this defense that the highest court of that State has decided, "in a proper case" before it, that a person cannot recover commissions as a real estate broker who has not taken out a license. This is not by any means an assertion that, by the law of Pennsylvania, such a recovery cannot be had. The decision of the highest court of that State would, indeed, be a means, but only one of many means, of ascertaining the law of that commonwealth, and standing alone could not be deemed to be the law governing all cases which might arise, where a recovery of commissions is sought, in the absence, as in this case, of averments of the particular circumstances attending the case where such decision was given. The construction put upon the statutes of another state by its courts are ordinarily controlling. (*Jessup* v. *Carnegie*, 80 N. Y., 441; *Faulkner* v. *Hart*, 82 id., 413; *Leonard* v. *Columbia Steam Nav. Co.*, 84 id., 48.) But the defense here set up fails to allege that in all cases where there was no license there could be no recovery. The leading case in the courts of Pennsylvania (which is not before us as evidence, but only as an authority) is *Holt* v. *Green* (73 Penn. St., 198). This was followed by the case of *Johnson* v. *Hulings* (103 id., 498). The learned judge writing the opinion of the court in the last-named case, and who deems that court bound by the decision of *Holt* v. *Green* (*supra*), characterizes the omission of the broker to take out a license as immoral. This characterization would not be warranted if the case before the court had been one only of an unintentional or accidental omission to pay the license fee. The report of the decision does not satisfactorily show that the act of the party was willful; but the remark of the learned judge leads quite directly to the inference that the omission of the party was for the purpose of evading and defeating the law. In order to understand the full meaning of this remark, and to allow it all the force which it is justly entitled to, it is necessary to see what the case was in which it was made; but the facts constituting that case are not before us. This observation of the judge, in giving judgment, may have been perfectly correct in reference to the case then before the court, and yet be clearly wrong when attempted to be applied to

a case of a different character, where, obviously, there is no moral turpitude. If anything further than this be claimed for the decision of the Supreme Court of Pennsylvania upon this subject, we are precluded from adopting it on this appeal, and from administering the rule in accordance with the *lex loci contractus*, on account of the insufficiency of the pleading demurred to.

Yet the learned judge at Special Term, in his opinion, has fallen into the error of supposing that the allegation that there had been one decision, in a case brought by a real estate broker who had not taken out a license, made by the highest court of the State of Pennsylvania, would establish a common-law rule of that State, for he says : " That it is the law of that State, and was at the time of the rendering of said services, and was so declared by the highest judicial tribunal of that State, that a person could not recover for services rendered in that State as a real estate broker unless he had at the time such a license."

I do not find in the answer any other averment of the existence of a common law, growing out of (so to speak) the interpretation of these statutes, other than the allegation that the highest court of ultimate and appellate jurisdiction of Pennsylvania, "in a proper case" brought before it for review, has decided, and still holds, that a real estate broker not having such commission, or not having paid the license fee, can recover no compensation for his services. Whether the facts before the Supreme Court of Pennsylvania were similar to those appearing in these pleadings is not set up by the answer. If it appeared that the real estate broker in the case cited failed to take out the license or pay the fee with the intent to évade the laws of Pennsylvania (which may be the meaning of the pleader's expression, " a proper case "), a sufficient case would be made out for the defeat of a claim in that forum as well as in our own. There is not in this case any averment in the answer that the omission of the plaintiff to take out a license was done with intent to evade and violate the laws of Pennsylvania. In the absence of such averment, this answer is insufficient as a defense. This brings me to the principal defect and omission contained in this answer, and that is the failure on the part of the pleader to show that the contract set forth in the complaint is a criminal offense, or that it is null and void, or is prohibited by the statute of that State. So far

as is disclosed by this pleading, the purpose of the statutes mentioned is to secure certain revenues to the State, and the only penalty imposed for the failure to pay for licenses to conduct such business is liability to a civil suit and damages as for a debt fixed by the statute. In *Thalimer* v. *Brinkerhoff* (20 Johns., 397), the general rule is laid down that all contracts which have for their object anything repugnant to the general policy of the law or contrary to the provisions of the statute, are void. *Ex turpi contractu actio non oritur*, but mere repugnancy to a statute, designed apparently alone to raise revenue in another State, is not sufficient to prevent a recovery for such compensation in this State, under a contract made in a foreign jurisdiction.

We have not been cited to any decision, either by counsel or by the learned judge at Special Term, in his opinion, by which a contract, valid in this jurisdiction, should be declared by our own courts invalid by reason of the laws of another State where the contract was made, unless it appeared either that the entering into of the contract was a crime, or that the same was prohibited altogether, or was declared null and void by the foreign statute. Section 6 of the act passed by the legislature of Pennsylvania May 27, 1841, set forth in the complaint, the provisions of which were subsequently extended to real estate brokers, is not a prohibition with a punishment to be inflicted by the criminal courts for its violation; on the contrary, it creates a debt to be recovered in an action at law against the person failing to pay the license fee. The failure so to take out a license is not shown to be either a felony or a misdemeanor, or in any way punishable. So long as the broker pays thirty dollars per year for his license, or $500 per year without it, he can continue his vocation.

After setting forth the foreign statutes and averring that they were the whole of the laws and statutes of Pennsylvania relating to the subject, the pleader alleges that by such statutes the plaintiff was absolutely prohibited from exercising his trade without a license, and that he was prohibited by such statutes from recovering in this action. But these averments are mere inferences and deductions drawn from the statutes, and are not in any sense allegations of fact. In interposing the demurrer the plaintiff did not thereby admit the construction put upon the statutes by the pleading

demurred to or the correctness of inferences, but only the truth of such facts as were properly stated in the answer. (*Bogardus* v. *N. Y. Life Ins. Co.*, 101 N. Y., 337 ; *Bonnell* v. *Griswold*, 68 id., 294; *Buffalo Catholic Institute* v. *Bitter*, 87 id., 250.)

As a question of pleading, therefore, it appears that the answer is insufficient, in law, to prevent a recovery by the plaintiff. The defendant should be required to stand upon the first defense, namely, a general denial of the allegations of the complaint.

The judgment appealed from should be reversed and the demurrer sustained, with costs.

DWIGHT, P. J., concurred.

CORLETT, J. (dissenting) :

The complaint shows this action was brought in October, 1886, to recover $500 and interest as commissions for the sale of 135 acres of land in McKean county, Pennsylvania, upon which there were producing oil wells. The defendants' first answer is a denial. The second admits the employment of the plaintiff by the defendants, the sale of land and the amount of commissions. It then alleges the existence of certain statutes in Pennsylvania which are set out in the answer, which enact, in substance, that a broker for the sale of property, including real estate, must pay a certain sum for a license to carry on his business and take out a commission.

Section 6 provides, in substance, that no individual or partnership, other than those duly commissioned under the provisions of the act, shall carry on the business of broker under a penalty of $500 for each and every offense, to be recovered, etc.

The answer alleges, in substance, that the plaintiff paid no license and had received no commission authorizing him to sell real estate as a broker. It also alleges that the statutes quoted are all the laws and statutes of the State of Pennsylvania on that subject. It then proceeds as follows: "And the highest court of ultimate and appellate jurisdiction of said State of Pennsylvania, in a proper case brought before it for review, has decided, and still holds, that a real estate broker not having such commission, or not having paid or caused to be paid into the treasury of the proper county, the sum of money required by said laws and statutes to procure the same, can-

not recover compensation or commissions for his services as such real estate agent or broker."

The learned counsel for the appellant criticises the words "in a proper case," and claims that the facts alleged do not show a proper case. The whole quotation conveys the impression and clearly implies that the facts were such as required the appellate court to construe the statutes quoted in the answer; for it cannot be assumed that that tribunal adjudged and determined that a real estate broker could not recover compensation for commissions, unless the facts before it were such as to require a determination of that question.

The answer demurred to then proceeds: "That, by the laws and statutes of the State of Pennsylvania, the plaintiff was absolutely prohibited from using or exercising the business or occupation of a real estate broker within the State of Pennsylvania under a penalty of $500 at and during all the times and periods of time mentioned in said complaint; and was also thereby prohibited from recovering in an action any compensation or commission for his alleged services as a real estate broker, alleged in said complaint."

The learned counsel for the appellant characterizes the last quotation as the opinion of the pleader, and claims that the facts are not properly stated. The answer had already set out the statutes, the decision of the Supreme Court, and then alleges that by the laws and statutes of Pennsylvania the plaintiff could not recover commissions on account of the matters alleged in the complaint.

In *Marie* v. *Garrison* (83 N. Y., 14), it was held that to sustain a demurrer to a pleading it is not sufficient that facts are improperly or informally averred or that it lacks definiteness and precision, or that the material facts are argumentatively averred; it will be deemed to allege what can by reasonable and fair intendment be implied from the allegation. So in *Lorillard* v. *Clyde et al.* (86 N. Y., 384), it was held that on demurrer all reasonable intendments will be indulged in in support of the pleading demurred to. The remedy for indefiniteness or uncertainty in a pleading is by motion, not by demurrer.

Applying the rule in the above cases, which is nowhere questioned, to the averments in the answer demurred to, it is difficult to see how the pleading can be other than sufficient. It is somewhat verbose, contains repetitions in some of its statements, is argumenta-

tive, and lacks precision and exact definiteness in some of its state-
ments; but, in substance and effect, it distinctly alleges all the facts
necessary to constitute a perfect defense.

In *Blackwell* v. *Webster* (29 Fed. Rep., 614) the contract was
made in the State of Maine. One of the parties was living in New
York where the trial was had. The court held that the validity of
the contract must be determined by the laws of Maine, and that the
effect of the Maine statute was to render the agreement void. The
same doctrine was recognized in *Coppell* v. *Hall* (7 Wall., 549);
*Hyde* v. *Goodnow* (3 N. Y., 269); *Backman* v. *Jenks* (55 Barb., 468).

In the case at bar the complaint and answer show that the con-
tract was made in Pennsylvania, was executed there by a broker
living and doing business in that State, and that under the laws of
that State the plaintiff could not recover the commissions. It is
entirely clear that there was no defect in the answer that could be
reached by demurrer.

The interlocutory judgment was right and should be affirmed.

Interlocutory judgment reversed and demurrer allowed, with
costs.