63   393
138a  209

63h    393
76 AD⁸415

HIRAM A. DOUGLAS, RESPONDENT, v. THE PHENIX INSURANCE COMPANY OF BROOKLYN, NEW YORK, APPELLANT.

*Foreign attachment — jurisdiction of State courts — the domicile of a corporation — situs of debt — foreign statutes — a demurrer does not admit conclusions — taking property without due process of law — U. S. Const., amendment 14, sec. 1.*

In an action by a resident of the State of New York upon a policy of fire insurance covering property in that State and issued by a corporation of that State, it appeared by the answer that the company had an agent in the State of Massachusetts, upon whom, by its laws, process could be served; that creditors of the

plaintiff had begun a proceeding by attachment or trustee process in that State, by service upon the agent, and it was claimed that this constituted a valid lien, upon the money payable under the policy, so that if the company should pay the plaintiff it would still be liable to the foreign attaching creditors.

The plaintiff interposed a demurrer to the answer.

*Held,* that the demurrer was properly sustained.

That as the answer did not allege service upon the plaintiff, and as its effect was to admit that the plaintiff was a resident of the State of New York, and that the domicile of the defendant was also there, it did not show that the *situs* of the claim was in Massachusetts, or that an actual levy had been made upon the plaintiff's claim there; it could not, therefore, be said that the attachment had any operation upon the debt.

That State courts have no extra territorial jurisdiction, and the intangible right, the *res,* must be within their jurisdiction.

That the fact that the defendant, by complying with certain laws of Massachusetts, had been permitted to do business and have an agent there did not alter the domicile of the corporation.

That if the *situs* of the debt was changed by legislation in Massachusetts, the statutes making the change should have been pleaded.

That a demurrer did not admit conclusions of law or of fact.

That, therefore, an allegation in the answer that the jurisdiction of the Massachusetts court was complete, had no effect upon the question whether, in fact, it had jurisdiction.

*Semble,* that the legislature of Massachusetts could not, upon the facts above stated, pass an act allowing attachment proceedings to be taken against the plaintiff without personal service upon him, since it would violate section 1 of the fourteenth amendment of the United States Constitution forbidding a State to deprive a person of property without due process of law.

APPEAL by the defendant, the Phenix Insurance Company of Brooklyn, N. Y., from a judgment of the Supreme Court, entered in the office of the clerk of Franklin county on the 27th day of November, 1891, upon a recovery by the plaintiff of $1,454.73 and costs; and also from an order, entered in said clerk's office on the 25th day of November, 1891, sustaining a demurrer to the amended answer and ordering judgment as above stated.

This action was prosecuted to recover the amount claimed to be due the plaintiff on a fire insurance policy issued by the defendant. The complaint was in the ordinary form in such actions, and also contained an allegation that the defendant was a domestic corporation organized under the laws of the State of New York, and that the plaintiff, at the time of the issuing of the policy, was a resident of the State of New York and the holder and owner of the policy.

The answer, after admitting many of the allegations of the complaint, alleged, in substance, that creditors of the plaintiff residing in the State of Massachusetts had, by attachment or trustee process, issued or granted in that State, attached the claim of the plaintiff sued upon in this action. To this alleged defense the plaintiff interposed a demurrer on the ground that the same was insufficient in law upon the face thereof.

This demurrer was sustained and the trial court ordered judgment for the plaintiff in accordance with the prayer of the complaint, with costs, and from that judgment the defendant appeals to this court.

*G. A. Seixas*, for the appellant.

*William P. Cantwell*, for the respondent.

MAYHAM, P. J. :

By the demurrer the plaintiff admits all the allegations of fact, if any, in the answer demurred to, and the first question to be examined on this appeal seems to be whether that part of the answer interposed as an affirmative defense was sufficient upon its face to show that the attachment alleged to have been issued in Massachusetts, in favor of creditors of the plaintiff residing there, was a valid and effectual lien on the debt due the plaintiff from the defendant on this insurance policy, so that if the defendant should pay the plaintiff, it would still be liable to the attaching creditors.

It is quite clear that if this foreign attachment had so far levied upon this claim as to suspend the plaintiff's control over it and transfer the same to the custody of the law, in trust for the payment of the claim of the attaching creditors of the plaintiff, that that fact, properly alleged, would constitute a defense to this action, either in abatement, if the attachment proceedings were still pending, or in bar, if the attachment creditors had recovered the money of the defendant, provided the plaintiff had been properly before the court in the attachment proceedings. (*Embree & Collins* v. *Hanna*, 5 Johns., 101 ; *Donovan* v. *Haut*, 7 Abb. Pr., 29 ; *Martin* v. *Central Vermont R. R. Co.*, 50 Hun, 349.)

But the defendant, in order to avail itself of such a defense, must, in its answer, allege facts showing that the foreign attachment has, by its operation, divested the plaintiff of his right to the control of

the property or rights in action upon which it is levied or claimed to have operated, and that under it, jurisdiction has been acquired of the person of the plaintiff and of the property, or at least of the property which is within the jurisdiction and control of the attaching tribunal. The answer does not allege that the attachment was served on the plaintiff, and it, in effect, admits that the plaintiff is a non-resident of the State of Massachusetts, and that the domicile of the defendant is in the State of New York, and that the policy was issued in this State to the plaintiff on property in this State, where the loss occurred, but it alleges that by reason of certain provisions of the laws of Massachusetts the defendant was, by complying with the laws of that State, authorized to do business therein. That the defendant had complied with such laws, and had an agency in that State on whom legal process could be served, and that the process of attachment was served on the agent of the defendant in the State of Massachusetts.

No other service is alleged in the answer, and no allegation is contained in the same that any actual seizure under the attachment was made of the claim of the plaintiff against the defendant, or that such claim was in that State; nor does the answer allege, as a fact, that the plaintiff's claim, on which the attachment is claimed to operate, had any existence in the State of Massachusetts.

Under the allegations of fact in the answer, we do not think that the attachment could be held to operate on the amount due on this policy.

It cannot be claimed that the courts of Massachusetts have extra territorial jurisdiction. It seems to be the settled rule that the State courts are confined, in the exercise of their jurisdiction, to the limits of their own State, and jurisdiction between citizens of different States is, by the Federal Constitution, conferred on the Federal courts. In *Plimpton* v. *Bigelow* (93 N. Y., 592), the court says:

" In the case of tangible property, capable of actual *manucaption*, it must have an actual *situs* within the jurisdiction. But credits, choses in action and other intangible interests are made by the statute susceptible of seizure by attachment. The same principle, however, in this case as in the other, the *res*, that is the intangible right or interest, to be subject to the attachment must be within the jurisdiction." Again, in the same case, the court says: " When the defendant who

owns a credit is within the jurisdiction, there is no difficulty, through proceedings *in personam*, in reaching and applying it in discharge of his debt to the plaintiff. But where he is out of the jurisdiction, and the debt or duty owing to him, or the right he possesses, exists against some person within the jurisdiction, attachment laws fasten upon that circumstance, and by notice to the debtor or person owing the duty or representing the right, impound the debt, duty or right to answer the obligation which the attachment proceeding is instituted to enforce."

The answer in this action does not, in terms, charge that the plaintiff had a debt due him from the insurance company in the State of Massachusetts, nor can it be inferred from the answer, except from the fact that the defendant, while chartered by the laws of New York and domiciled in that State, having its principal place of business there, had established an agency in the State of Massachusetts. There seems no warrant for holding that the defendant owed this debt for the purpose of attachment in all the States of this Union where it had an agency, and that the *situs* of the debt was where the defendant saw fit to locate a person on whom process against the defendant might be served.

In discussing the question of the location of a corporation for the purposes of an attachment, ANDREWS, J., in *Plimpton* v. *Bigelow* (*supra*), says : " If the corporation by having its officers, and by transacting business in a State other than its domicile of origin, is deemed to be itself present as an entity in such foreign State to the same extent and in the same sense as it is present in the State which created it, it may be conceded that its shares might properly be attached in such foreign jurisdiction.

" But we regard the principle to be too familiarly settled by repeated adjudication of the Federal and State courts to admit of further controversy, that a corporation has its domicile and residence alone within the bounds of the sovereignty which created it, and that it is incapable of passing personally beyond that jurisdiction."

Again, as to personal property consisting of debts, choses in action and contracts, the *situs* seems to be that of the residence of the creditors. In *Williams* v. *Ingersoll* (89 N. Y., 523), EARL, J., says : "A debt always under general jurisprudence has its *situs* either at the domicile of the creditor, or where the written obliga-

tion upon which it is due is held, and not at the *situs* of the debtor."

It follows, therefore, that in the absence of any special provisions of law, this debt from the defendant to the plaintiff, on the policy in question, had its *situs* in the State of New York, and could not be reached under an attachment issued under the laws of Massachusetts, as there was no property in that State upon which the attachment was or could be served, and no personal service of the attachment on the plaintiff. But it is insisted by the appellant that the answer alleged the jurisdiction of the Massachusetts court and the full and complete control of the property under the attachment. The difficulty of that contention is that the allegations of this character in the answer are conclusions and not allegations of fact.

While the demurrer admits all the allegations of fact in the pleadings, to which it is interposed, it does not admit the conclusions either of fact or law set out in the pleading. In *Angell* v. *Van Schaick* (56 Hun, 256), the court, in discussing the manner of pleading foreign statutes, uses this language: "After setting forth the foreign statutes and averring that they were the whole of the laws and statutes of Pennsylvania relating to the subject, the pleader alleges that by such statutes the plaintiff was absolutely prohibited from exercising his trade without a license, and that he was prohibited by such statutes from recovering in this action. But these averments are mere inferences and deductions drawn from the statutes, and are not in any sense allegations of fact.

In interposing the demurrer, the plaintiff did not thereby admit the construction put upon the statutes by the pleading demurred to, or the correctness of the inferences, but only the truth of such facts as were properly stated in the answer." The language of this latter paragraph is almost identical with that used by the Court of Appeals in *Bogardus* v. *New York Life Insurance Company* (101 N. Y., 337).

In the case at bar the defendant has omitted entirely the provisions of the Massachusetts statutes or any appropriate reference thereto as facts, but states only the conclusions which the pleader draws from such statutes. This we think insufficient, and the demurrer to such answer does not admit the conclusions of the pleader.

DOUGLAS v. PHENIX INSURANCE CO.     399

But if it could be held that the Massachusetts statutes are sufficiently pleaded in the answer, still, as the *situs* of the claim of the plaintiff is in the State of New York, where the plaintiff resides, and where the defendant has its domicile of origin, and where the contract of insurance between the plaintiff and defendant was made, and no personal service in the attachment proceedings having been made on the plaintiff, it would seem to follow that he was not before the court in such attachment; and that no jurisdiction over his person or property was acquired in such attachment proceedings.

If this be so, the plaintiff had no hearing or opportunity to be heard on this attachment proceeding, and no statute that the legislature of Massachusetts could enact could deprive the plaintiff of his interest in this policy under the provisions of section 1 of the fourteenth amendment of the Constitution of the United States, which, among other things, provides: "Nor shall any State deprive any person of life, liberty or property without due process of law."

It had been held in *Stuart v. Palmer* (74 N. Y., 191) that "due process of law requires an orderly proceeding, adapted to the nature of the case, in which the citizen has an opportunity to be heard and to defend, enforce and protect his rights. A hearing, or an opportunity of being heard, is absolutely essential. We cannot conceive of due process of law without this." In *Martin v. Central Vermont Railroad Company* (50 Hun, 350) LEARNED, J., says: "It seems hardly necessary to argue that a judgment which deprives a man of his property cannot lawfully be recovered without notice to him. We do not mean that against absent debtors the law may not authorize an attachment of the alleged debtor's property. It may thereby acquire jurisdiction of the thing, but in order to make that jurisdiction perfect it must give due notice to the owner before it attempts to divest his title."

But in this case the proceedings *in rem* seem to have been instituted and property to have been seized, and the only defect was in giving notice to the owner.

In the case at bar no proceedings *in rem* were operative in the State of Massachusetts. The *res* was not within that State. It was but a right in action against the defendant, and the *situs* of that right was in New York, and the process of the Massachusetts court, which can operate only in that State, did not attach to it in this

State, or operate to bring either the plaintiff or his interest in this policy within the jurisdiction of the laws or the process of the courts of the State of Massachusetts.

The answer, therefore, as to the new matter, did not constitute a defense to this action, and the demurrer thereto was properly sustained, and judgment for the plaintiff upon the demurrer was proper and should be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.