Bissell, P. J.,
delivered the opinion of the court.
Mrs. Louella H. Walker was indebted to William R. Everett on a promis'sory note executed by her in 1889, jointly with her husband. When the present suit was started in September, 1890, to recover the amount due on the note, her husband Avas dead, she had removed from Colorado and was a nonresident. The Connecticut Mutual Life Insurance Company Avas a Connecticut corporation, haAdng its domicile and general offices Avithin that state. Some claim was asserted by Mrs. Walker against the Insurance Company on account of the death of her husband, which the Insurance Company admitted and forwarded to her through their agent in Denver. So far as is disclosed by the record, there was no tangible property in the state capable of seizure. The Insurance Company was without an agent in the state on whom service could be had other than the superintendent of insurance, who *511 held that relation to the company under a written designation of authority for the purposes of the service of process. This was a condition precedent to their right to do business in the state. After Everett commenced his suit, he was of course unable to obtain service on the principal defendant, Mrs. Walker. In aid of his suit to collect the debt, he procured a writ of attachment to issue and attempted to effectuate it by the service of the process of garnishment on the superintendent of insurance as the agent of the company. When this was done, he endeavored by means of a substituted service to bring the principal defendant into court for the purposes of an ultimate judgment against the funds. The affidavit on which the order of publication was based was made by Everett’s attorney. Publication was made, and on this service judgment was entered against the defendant Walker. Afterwards a scire facias was issued directed to the Insurance Company, served on Henderson, the superintendent of insurance and auditor of the state, to show cause why judgment should not be entered against the garnishee on the writ. The application was denied, the insurance company discharged as garnishee, and the case is brought here by writ of error.
Two questions are presented by the record which are so closely inter-dependent, that while either being resolved against the plaintiff in error must affirm the judgment, the determination of both seems essential to a satisfactory settlement of either inquiry.
The necessity to obtain a judgment against the principal defendant in order to charge the garnishee — 2 Wade on Attachments, § 399 — -compelled the plaintiff to publish the summons. He attempted by a levy of the garnishee process to bring the case within the exception to the general rule, that no judgment can be rendered against a nonresident in an action on a money demand without the service of process within the state. Whether he was successful in this attempt will be considered in the discussion of the other question. To procure the order to publish in a case of attachment, it *512 is an indispensable prerequisite that the party file an affidavit showing that the case comes within the provisions of that section of the code providing for the substituted service. To justify a departure from the general rule of the common law, that personal service must be had upon him who is to be bound by a judgment, it is universally held that there must be a strict and accurate observance of all the statutory requirements. The necessity to file the proper affidavit is manifest. It has been intimated by the supreme court and decided by this, that the only person possessing the requisite competency is a party to the suit. Morton v. Morton, 16 Colo. 358; Davis v. The Mouat Lumber Co., 2 Colo. App. 381.
The plaintiff did not make the affidavit. It was made by an attorney, and it did not warrant the subsequent order-to publish the summons. But the judgment was entered so that upon the record it would appear there had been a recovery against the principal defendant. This would be enough, all other conditions being satisfied, to justify the procedure against the garnishee. The well settled rule that the garnishee is bound to assert all jurisdictional defenses in order to protect himself in case suit is brought against him by the original debtor, required the Insurance Company to insist on the invalidity of the judgment against Mrs. Walker, as well as upon their own personal defense that they were not legally charged by the service of process of garnishment on the superintendent of insurance. Their contention that there was no valid judgment against Mrs. Walker is well based. They are equally well supported in their claim that the debt which they owed to Mrs. Walker was not impounded by the service of the writ upon the superintendent of insurance. The effect of the service of a writ of garnishment upon the agent of a corporation in a jurisdiction other than that of its domicile has been the subject of much judicial consideration. There are two conditions of fact under which such writs have been thus served. One is where the creditor of the corporation resides in the forum out of which the *513 process is issued, and in which it is served on the agent of the company; and the other, which is the present, where the only person within the jurisdiction is the plaintiff in the suit, and both creditor and debtor are outside the jurisdiction. There is very considerable authority to the point that where the creditor is personally served in the jurisdiction wherein service is had upon the agent of the company, the debt which is owed to the creditor is thereby impounded in the suit and the plaintiff maj' have judgment against his defendant, and compel the corporation to pay its debt in the domicile of the debtor. I confess that the more logical conclusion to my mind would be to hold it impossible to seize a debt owed by a nonresident and foreign corporation to a person within the state. There are no good legal reasons why intangible interests like debts and dioses in action should be impoundable by attachment, when it is impossible to serve the writ upon the corporate entity or the individual who owes it. But it is unnecessary to pass on this question, and there are many very reputable authorities which hold that it may be done. This question is expressly left open for future consideration. We do not find any satisfactory authority which holds that where both the debtor and the creditor are outside the state, a suit may be commenced by attachment and the debt seized. To escape the force of the doctrine laid down in Pennoyer v. Neff, 95 U. S. 714, and obtain a judgment against one without the. limits of the sovereignty, an attachment must issue and be levied on the property of the nonresident person. To the extent of the property seized judgment may go against the absent person,- and he will be held to have had notice through the seizure of the res and be bound by the judgment. The cases go this far. It is not easy to perceive how a case is brought within the scope of this exception when the only levy is that made by the service of the garnishment process upon the agent of the nonresident debtor. Nothing is seized, nothing is taken, nothing is within the jurisdiction of the court, and a person out of the state is sought to be *514 brought into court by the service of a writ upon another who is likewise absent. The circle never ends. It has been held (Cousens v. Lovejoy, 81 Me. 467), and possibly the decision may be justified, that if the agent have money or property in his hands such tangible thing may be taken and will be enough to uphold the jurisdiction of the court and permit judgment to go against the nonresident. The present case.is not brought within the very evident distinction manifest in that decision. The debt certainly was not in the state, even though the superintendent of insurance had the full written authority to represent the company for the service of process. The debt which the Connecticut Mutual Life Insurance Company owed to Mrs. Walker was not the property of the company, but belonged to Mrs. Walker, and had its situs at her place of residence. As said by Mr. Justice Field in the case of the State Tax on Foreign-Held Bonds, 15 Wallace, 300, “Debts owing by corporations, like debts owing by individuals, are not property of the debtors in any sense; they are obligations of the debtors, and only possess value in the hands of the creditors. * * * To call debts property of the debtors is simply to misuse terms. All the property there can be in the nature of things in debts of corporations, belongs to the creditors, to whom they are payable, and follows their domicile, wherever that may be. Their debts can have no locality separate from the parties to whom they are due.” The same principle is made the basis of the decisions cited below, which hold that no jurisdiction over the absent defendant is acquired by the service of such process on the agent of the foreign debtor, where the only thing seized is an intangible interest in the form of a debt or in a chose in action. Douglass v. The Phœnix Insurance Co. of Brooklyn, 138 N. Y. 209; Renier v. Hurlbut et al., 81 Wis. 24; Missouri Pacific Co. v. Sharitt, 43 Kas. 375; Williams et al. v. Ingersoll et al., 89 N. Y. 508; Bowen v. Pope, 125 Ill. 28; Haggerty v. Ward, 25 Tex. 144.
The principle underlying all these cases is identical. It is universally true that so far as concerns tangible property *515 it must be within the limits of the sovereignty to entitle the courts to seize it, and apply it to the satisfaction of the judgments which they may enter. The same rule must be applicable in the case of intangible interests like choses in action and debts. The same difficulty does not exist where the person owing the debt is within the jurisdiction. The intangible right may be then subject to process, and the levy by means of a service on the debtor is equally effectual to notify the nonresident of the pendency of the action as in those cases where tangible interests are levied on. When, however, the debtor is present only by his agent, and his domicile, as well as that of the person sued, is without the sovereignty, there is no principle upon which it could be adjudged that the debt is within the jurisdiction of the court and amenable to its writs. As it was forcibly put by the learned judge at nisi prius in the Douglass Case (Mr. Justice Kellogg) : “ This intangible right or interest must of necessity remain with the corporation, and is never, constructively or otherwise, in the possession of an agent. If this were not so, and it were possible to conceive that any agent of this ‘ entity ’ — this corporation — outside the bounds of the sovereignty which created it — could in fact possess this intangible right or interest, it would be interesting to know which of its agents possess it, and in how many of the states of this Union it is so possessed at one and the same time. It must be taken to the state of Massachusetts before it can be there subject to the jurisdiction of that state. ‘The principle found in the codes of all enlightened nations is that jurisdiction, to be rightfully exercised, must be founded upon the presence of the person or thing in respect to which the jurisdiction is exerted within the territory.’ To say that it is possible for a legislature to enact that, because an agent of this stable entity is within its borders, this intangible interest or right, which is inseparable from the corporate body, is also there, is simply to say that the legislature may enact that any other species of property actually in the state of New York is also within the jurisdiction of Massachusetts for the purpose of appro *516 priation or taxation or otherwise.” 18 N. Y. Supplement, 259. The argument is unanswerable-. ’ It is as impossible by judicial construction as by legislative enactment to declare that property out of the state, having a domicile with the debtor or the creditor, is within the limits of the sovereignty for the purposes of a levy.
Upon either consideration the judgment is right. The affidavit did not justify the substituted service, and the writ did not impound the debt which the Insurance Company owed to Mrs. Walker.
Since the judgment below accords with these conclusions, it will be affirmed.

Affirmed.