Dore, J.
The issue is whether Special Term properly vacated the sheriff’s levy on defendant’s interest in the proceeds of an insurance policy solely because at the time of the levy defendant, the insured, had not filed proof of loss with the insurer.
Plaintiff, a wholesale jeweler, delivered to defendant, a Virginia corporation, jewelry of the agreed value of $64,119.45 under contract providing that the goods were at defendant’s risk against loss by any cause whatever. Defendant had $50,000 insurance against such loss under the policy in question issued by the Liverpool & London & Globe Insurance Company, Ltd., with a principal office in the county of New York and authorized to do business in the State of New York. Because of a burglary, on or about February 12,1949, in defendant’s premises in Richmond, Virginia, plaintiff’s property and also property owned by defendant were stolen in an amount far in excess of the amount of defendant’s insurance under the policy.
On March 2, 1949, on plaintiff’s application a warrant of attachment was issued and the sheriff made levy here on defendant’s interest in the proceeds of the $50,000 policy, and on the debt or cause of action existing thereunder pursuant to subdivisions 3 and 4 of section 916 of the Civil Practice Act. The insurer filed a return on March 15,1949, admitting that the pol *160 icy was in effect and that it had notice of the loss, but alleging it could not state “ at this time * * * that any property of ” defendant was in its possession “ because no proof of loss has been filed ” by defendant, the insured, “up to this time ”. After the levy and before the motion to vacate, defendant made a special arrangement with the insurer whereby defendant’s time to file proof of loss was extended for 150 days; thereafter defendant appeared specially and moved to vacate the levy; the motion was granted; plaintiff appeals.
Subdivision 3 of section 916, so far as relevant on contested issues herein, provides that an attachment may be levied on a debt arising under a contract whether past due or to become due provided that an action could be maintained in this State by defendant for recovery of the debt at maturity or if it consisted of a deposit not to be repaid at a fixed time but only on a special demand that the demand could be duly made within the State. The same section under subdivision 4 provides, so far as similarly relevant herein, that an attachment may be levied on a cause of action arising under contract other than above specified whether accruing within or without the State provided that the defendant could prosecute an action thereon within the State. Each subdivision provides that the levy is deemed a seizure of all of defendant’s rights to the debt or cause of action.
The question is whether the levy under the warrant reached rights defendant had at the time against its insurance company. We think it did. The statute expressly authorizes the levy whether “ the * * * debt is past due, or * * * to become due ” and in each case the levy “ is * * * a seizure of all the rights of the defendant ’ ’ in the debt or cause of action. There is a distinction between the right to sue and the right to attach or levy on a chose in action. A present right to collect the debt is not always necessary to support a levy, and a condition precedent performance of which lies within defendant’s volition should not, under the facts and circumstances here disclosed, bar the levy as the insurer’s liability had accrued by the unquestioned loss while the policy was in full force and effect.
The contract obligation of the insurance company was created by its promise to pay on the happening of the contingency covered (which concededly has occurred), although proof of loss and indeed other steps within the insured’s volition are required before insured can collect. But, as Special Term admitted, the proof of loss does not create the liability. Indeed, filing such proof, as part of the process of liquidating the debt, connotes *161 that the li.ahili.ty already existed by reason of the loss and conceded notice of loss, and is conformance with policy requirements to collect thereon (McMaster v. President & Directors of Ins. Co. of North America, 55 N. Y. 222, 229; Finch v. Great Amer. Ins. Co., 101 Conn. 332). Accordingly, on the facts here disclosed, we think that, at the time of the levy, a debt or cause of action existed attachable under subdivisions 3 and 4 of section 916 of the Civil Practice Act and defendant’s so-called special arrangement with the insurance company should not defeat the levy. Apparently two extensions of 150 days each have already been granted since the levy was made. Defendant obviously aims to defeat our attachment statutes. If defendant is right, it lies within its power or the power of any other insured to prevent any levy by the device of extending indefinitely the time to file its proof of loss and time to sue under the policy though the loss has long previously occurred.
The only New York case cited to hold that a levy on proceeds of an insurance policy is invalid if made before proof of loss is filed, apparently, is Douglas v. Phenix Ins. Co. (63 Hun 393, affd. 138 N. Y. 209). In that case the General Term of the Third Department affirmed a decision of Special Term of Franklin County in 1892. The Special Term decision is reported in 18 New York Supplement 259, which also contains at page 262 the affirmance by the General Term. There the Special Term in its opinion referred to the failure to file a proof of loss to sustain the demurrer to a defense that plaintiff’s creditors in Massachusetts had attached plaintiff’s claim; but it also said that “ the most important” ground on which the decision was based was the situs of the debt and held there was nothing in the State of Massachusetts on which the attaching creditors could levy. In the opinions of both the General Term and the Court of Appeals, nothing whatever is said about the proof of loss point, but the appellate opinions are based exclusively on the issue raised regarding the situs of the debt. That issue is not here presented as the res in this case is concededly in the State and county of New York. By reason of the sole basis on which it rested affirmance, it may not be said that the Court of Appeals in the Phenix case {supra) held the levy invalid because no proof of loss had been filed.
As the statutes in other States are not identical with our own attachment statute, it would be futile to discuss cases in other jurisdictions where there is wide division of authority on the point. But in Commission for Polish Relief v. Banca Nationala *162 a Rumaniei (288 N. Y. 332) our Court of Appeals held a levy valid although a Treasury Department license was essential and it had not been procured at the time the levy was made.
The case of Sheehy v. Madison Square Garden Corp. (266 N. Y. 44) relied on by defendant is clearly distinguishable. In that case the asserted res was nothing but a right to earn money in the future and, of course, in that state of facts it was uncertain whether the garnishee would ever become indebted to the defendant. No such state of facts is present in the case before us. In this case in view of the loss and notice of loss not here disputed, the insurance company was under a liability which,;at least so far as a levy is concerned, was not made purely contingent merely because defendant, in an effort to defeat the attachment, deferred filing a proof of loss which defendant had an absolute right to file. At the time of this levy after the insurer’s liability had arisen, payable on presentation of the proof of loss, a document containing such proof would be analogous to a special demand required to be made by a plaintiff before payment of a debt would accrue where the demand could be duly made within this State. (Civ. Prac. Act, § 916, subd. 3).
In Hermann & Grace v. City of New York (130 App. Div. 531, affd. 199 N. Y. 600), also relied on by defendant, the contract was a lump sum building contract with payment contingent on completion of the entire job, and the contractor had abandoned the uncompleted contract when the levy there in question was filed. In that state of facts there was no debt belonging to the contractor until the contract was fully performed and it could never be so performed since the contractor had already abandoned his contract. On its facts that case is not here controlling.
In Ackerman v. Tobin (22 F. 2d 541 [C. C. A. 8th]), while there was proof of loss, there was a dispute as to whether or not a robbery had taken place and the amount of the robbery if there was one. It was held nevertheless that the claim under the policy of insurance there in question accrued and was subject to garnishment immediately upon occurrence of the loss. Citing 28 Corpus Juris (Garnishment, § 204, p. 164) and numerous cases in other jurisdictions and also in New York, the court said (p. 543): “ The contingency which will prevent garnishment is not presented by the mere fact of denial by the garnishee of the obligation. The uncertainty contemplated by the law is one that conditions the obligation, rendering it uncertain in the sense that it may never become due or owing, the *163 determination of that being contingent upon the happening of some future event. 28 C. J. ‘ Garnishment,’ p. 130, § 172.”
On the facts herein disclosed we hold that as the loss had occurred while the policy was in effect and notice of loss had been given and received, the promise to pay was no longer contingent but a definite liability subject, of course, to defenses.
The order appealed from should be reversed, with $20 costs and disbursements to appellant, and the motion to vacate the levy denied, with costs.
Peck, P. J., Glennon, Van Voobhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to vacate levy denied, with costs. Settle order on notice. [See post, p. 955.]