## SUPREME COURT.

*10/ 824/ / 7o/*

### BURROWS agt. MILLER & MILLER.

A plea, to an action upon a promissory note, of the pendency of a suit for the same cause of action in a circuit court of *another state*, is bad. Such a plea was never allowed under the former rules of pleading; and although section 144 and 147 of the Code, taken in their literal sense, might appear to be broad enough to overturn this rule, evidently the intention of those sections was merely to affect the form of asserting a defence, not to alter the nature of it.

*New York Special Term, January,* 1850. To a complaint on a promissory note, the defendants pleaded the pendency of a suit for the same cause in one of the circuit courts of the State of Indiana; to which the plaintiff demurred.

BARNARD, *for Plaintiff,* cited Browne vs. Joy (9 *J. R.* 221); Walch vs. Durkin (12 *J. R.* 99).

DANA, *contra,* cited *Code of Procedure,* §§ 144, 147; Embree vs. Hanna (5 *J. R.* 101); Wheeler vs. Raymond (8 *Cow.* 311).

EDMONDS, Justice.—It is conceded that this plea is not good unless the Code has altered the former rule. Section 144 allows the defendant to demur to the complaint when it appears on the face thereof that there is another action pending between the same parties for the same cause of action and § 147 allows the objection to be taken by answer when it does not appear on the face of the complaint.

This language, it is true, is broad enough, taken in its literal sense, to overturn the former rule, and it is insisted that under it, we ought rather to adopt the rule which allows a foreign attachment to be pleaded in bar, than that which forbids a foreign suit to be thus pleaded.

The distinction between the cases is, however, very plain, and rests upon this idea, that it is payment or satisfaction alone under the foreign proceedings which is regarded in our courts. Hence actual payment under those proceedings may be pleaded in bar here; or, if too late for that, may be made available on an *audita*

*querella;* and this upon the principle that though the creditor may pursue several remedies until he shall obtain satisfaction, the debtor shall be protected against being obliged to pay twice. Therefore it is, that a foreign attachment has been allowed to be pleaded, because the debtor's property having already been seized in satisfaction, he might be obliged to pay twice. Thus in all the cases in this state where the foreign attachment was allowed to be pleaded, it appeared that the debtor's property had actually been seized under it (Embree vs. Hanna, 5 *J. R.* 101; Wheeler vs. Raymond, 8 *Cow.* 311), and it may be questioned whether a plea of a foreign attachment would be good unless it should contain an averment that something had been seized under it. (See the form of such a plea, 2 *H. Pl.* 362; 5 *Taunt.* 234, *n*; 2 *Chitty R.* 338, *n* (*b*); 17 *J. R.* 284, *and* 1 *Brod. & Bing.* 490).

Hence a foreign attachment is likened to the case of a suit in a foreign court carried to judgment and execution and satisfaction thereon, and therefore it is that both may be pleaded in a suit pending.

It has, however never been held that a mere pendency of a suit in a foreign tribunal can be available to stay a suit for the same cause of action pending here, and unless the legislature have expressly made it so, I see no good reason why the rule should be changed.

It is evidently the intention of the sections of the Code to which I am referred, not to enlarge a defence or create a remedy, but merely to direct the mode in which defences or objections already available by law, may be taken advantage of, the nature of those defences or objections being left unaltered.

And the language of the third paragraph of § 144 and of § 147, must be taken to mean that a defence of another action pending, when available as then established by law, may be set up by demurrer when it shall appear on the face of the complaint and by answer when they do not.

To allow the argument put forth for the defendants and give to these sections, which were intended merely to affect the form of asserting a defence, the power of altering the nature of such

defence would, I am pursuaded, extend their scope and power far beyond their intention.

There must be judgment for the plaintiffs on the demurrer, and as the answers were merely dilatory, leave to amend must be denied.

5 How. 53—CONCURRED IN, 5 How. 470, 47*