Jones, J.
It is clear that the Supreme Court action is not discontinued, but is still pending. An action cannot be discontinued by a mere notice, but an order of discontinuance must be entered. (Averill v. Patterson, 10 N. Y. Rep. 500.) It is true that the case just cited was ah action ■ at law, while this is one in equity. But the decision in that case proceeded on the ground that before the Code, an action at law could not be discontinued without entering a rule for discontinuance, and that the former practice still obtained, under the Code. Prior to' the Code, a bill in equity could not have been dismissed by the complainant, except on motion. (Hoff. Ch. Pr. vol. 1, p. 327.) True, this motion, (except when it was desired to dismiss with *197 out costs,) was one of course. But it was a proceeding in court, and was required to be evidenced by an order entered as of course in the register’s office in the same manner as, at common law, a discontinuance was required to be evidenced by a rule entered as of course in the common rule book kept in the offices of the clerks of the court in which the action was pending.
This former practice of the court of chancery, by force of the 469th section of the Code, and the 90th rule of court, is still prevalent.
Prior to the Code there was no substantial difference between the modes of discontinuing an action at law, and a suit in equity. The difference was merely in the nomenclature, and in the mode in which the rule in one case, and the order in the other, was to be entered.
By the abolition of the court of chancery, and the disuse of common rule books, these differences no longer exist, but all actions, whether in law or equity, are now to be discontinued only by an order entered on the allowance of a judge. The disuse of the common rule books, has created the necessity of obtaining an allowance of a judge to the order. That, however, is always given, as matter of course, in cases where the party would have been entitled, under the practice before the Code, to enter a rule or an order of discontinuance, of course.
The action of the plaintiff in the Supreme Court, then, being still pending, the question is, whether the defendant can take advantage of the pendency of that suit, by motion to stay the plaintiff’s proceedings in this suit until that suit is ended; or to compel her to elect in which one she will proceed.
In Cummins v. Bennett, (8 Paige, 79,) the chancellor laid down the doctrine that the regular way to take advantage of the pendency of a previous suit for the same *198 cause, was by plea, and that such was the settled practice in England. (See also 1 Daniel’s Ch. Pr. 721.) This practice has not been changed, but, on the contrary, has been recognized and adopted by the Code of Procedure. Subdivision 3 of its 144th section provides, that “ The defendant may demur to the complaint, when it shall appear, on the face thereof, * * that there is another action pending between the same parties for the same cause.”
Section 147 provides: “When any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer.”
Section 148 provides: “If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except * * *.”
Here is a mode pointed out in which advantage may be taken of the pendency of another action for the same cause. That mode is the same as the one which existed, both at law and in equity, before the Code. (See Burrows v. Miller, 5 How. Pr. 51; Hornfager v. Hornfager, 6 id. 279.) I see no reason why that practice, thus established, should be disregarded; more especially as the provisions of the Code imply that the objection in question must be taken by demurrer or answer, and if not so taken, is waived.
There is a class of cases where a plea of a former suit pending, would be bad, and yet the plaintiff should not be permitted to proceed with both suits at the same time. In those cases, therefore, there being no other remedy, the court allows one by motion. This case, however, does not fall within that class!
I was .asked, on the argument, to stay the proceedings in this court until .the costs in the Supreme Court were paid. If that action were ended, so that the defendant was entitled to costs therein, I might grant the defendant’s request. The difficulty is, that that action is still pending, and, until it is ended in some way, the defend *199 ant is not entitled to costs, nor is the plaintiff liable to pay any. hToi can I stay the proceedings for the purpose of compelling her to do something which she is not bound to do.
The motion must be denied, but without costs.