THE ONEIDA COUNTY BANK, Respondent, *v.* AMOS BONNEY et al., Appellants.

Where an action was commenced in a State court upon a joint contract by service upon one of the joint contractors, and was upon his motion removed into the U. S. Circuit Court, and a second action was commenced in a State court upon the same contract, by service upon another of the joint contractors,—*Held*, that the pendency of the former action was not a good ground for setting aside the summons in the second action.

*It seems* that a former action in a court of the United States or of another State is no stay or bar to a suit upon the same cause of action in this State; while a recovery in one may be pleaded to the further continuance of the other, until this is obtained both may proceed to judgment and execution, when a satisfaction of one will require a discharge of the other.

(Argued December 8, 1885 ; decided January 19, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made September 15, 1885, which reversed an order of Special Term which vacated and set aside the service of summons herein on defendant Otis and dismissed the action.

This action was upon two drafts drawn upon and accepted by defendants' firm and discounted by plaintiff. The summons was served upon defendant Otis, who moved to set aside the service of the summons upon the ground that an action had previously been commenced on the same causes of action by service of summons on defendant Arthur S. Herenden, upon whose motion it was removed into the United States Circuit Court, where it is still pending.

*James S. Sherman* for appellants. When the liability is joint all claim is merged in the judgment, whether one or all the defendants are served, and judgment against one is a bar as to all. (*Benson* v. *Paine*, 9 Abb. 28 ; *Robertson* v. *Smith*, 10 Johns. 459 ; *Mason* v. *Eldridge*, 6 Wall. 231.) No action against a defendant not originally served can be brought until

judgment has been entered and execution returned unsatisfied out of joint property. (Code of Civ. Pro., §§ 1932–7, 1946.) Where the liability is joint only and the action is brought against all, but only one is served, the claim is merged in the judgment, and the judgment is a bar to an action against the other defendants. (*Benson* v. *Paine*, 9 Abb. 208 ; *Streatfield* v. *Halliday*, 9 Durnf. & East, 372.) Where it is brought against all, the action can be prosecuted to judgment, if one only is served. The Code of Procedure provides how this judgment can be enforced out of individual property where joint property fails. (Code of Pro., §§ 1932–7.) The filing of the petition for removal, and the giving of the bond, brings to an end the jurisdiction of the State court, and all future proceedings therein are *coram non judice* and void. (*Stephens* v. *P. Ins. Co.*, 41 N. Y. 149 ; *Vandervoort* v. *Palmer*, 4 Duer, 677.)

*Nicholas E. Kernan* for respondent. The pendency of a similar action in the United States court is never a bar to an action in the State court. To this position there is no answer. (*Browne* v. *Joy*, 9 Johns. 221 ; *Walsh* v. *Durkin*, 12 id. 99 ; *Burrows* v. *Miller*, 5 How. 51 ; *Cook* v. *Litchfield*, 5 Sandf. Sup. Ct. 330.) The Code provisions are cumulative and do not prevent the maintenance of a new and separate action. (*Lane* v. *Salter*, 51 N. Y. 1 ; *Morey* v. *Tracy*, 92 id. 581 ; *Ticknor* v. *Kennedy*, 4 Abb. Pr. [N. S.] 417 ; *Mason* v. *Eldred*, 6 Wall. 239 ; *Oakley* v. *Aspinwall*, 4 Comst. 512 ; Code, §§ 1932–1937.) Since the process herein is the same in form as in the first action there is no reason why this action should not be deemed a continuance of the suit in the State court against the other defendant, Otis. (*Wormser* v. *Dalham*, 57 How. Pr. 286; *N. J. Zinc Co.* v. *Dahlman*, 7 Rep. 740; *Girardy* v. *Moore*, 4 Am. L. Rep. [N. S.] 387 ; 22 Int. Rev. Rec. 394.)

DANFORTH, J. The question upon this record, stated most favorably to the appellant, is whether the pendency of an action upon contract in the United States Circuit Court is

good ground for setting aside the service of a summons issued in a court of this State to enforce the same cause of action. As to it the courts below have differed. We agree with the General Term. At common law the pendency of another suit for the same cause could, at most, only be pleaded in abatement; but where the former action is in a court of the United States, or a sister State, it is no stay or bar to a suit in the courts of this State. A recovery in one might be pleaded to the further continuance of the other, but until that was obtained each might proceed to judgment and execution, when a satisfaction of either would require a discharge of both (*Walsh & Gallagher* v. *Durkin*, 12 Johns. 99; *Mitchell* v. *Bunch*, 2 Paige, 606, 620), and the rule is the same since the Code. (*Burrows* v. *Miller*, 5 How. Pr. 51; *Cook* v. *Litchfield*, 5 Sandf. 330.)

That the first action was commenced in a State court by service upon one of several joint contractors, and removed by him into the United States court, and the second action afterward commenced by the service of a summons upon a different defendant cannot relieve that defendant. The plaintiff is entitled to all the remedies provided by law for the collection of its debt, and need not be satisfied until it has had such a judgment as will bind the defendants individually as well as jointly. It might, perhaps, proceed in the same suit against the other defendants (U. S. Rev. Stat., § 639, 2d subd.), in the State court, or, after judgment against all in such form as would bind the joint property, take proceedings to charge the defendants not personally summoned. It was not bound to do either, but might, as in this instance, commence a new action. (*Lane* v. *Salter*, 51 N. Y. 1; *Morey* v. *Tracey*, 92 id. 581.)

We think the order appealed from should be affirmed.

All concur.

Order affirmed.