HIRAM A. DOUGLASS, Respondent, *v.* THE PHENIX INSURANCE COMPANY of Brooklyn, N. Y., Appellant.

The right of a creditor of a corporation to prosecute an action to recover the debt in the courts of his own state cannot be defeated by the pendency of attachment proceedings against him in another state by a creditor there, when the only claim of jurisdiction by the foreign court rests upon authority given by the statutes of its state to seize the debt by and through process proceedings against an agent of the corporation in that state.

While a state may authorize the seizure and sale by means of appropriate legal proceedings, of property of non-residents in the jurisdiction, for the payment of their debts, it cannot subject to its laws either their real or personal property out of the jurisdiction.

In attachment proceedings the *res* must be within the jurisdiction of the court issuing the process in order to confer jurisdiction.

A domestic corporation has at all times its exclusive residence and domicile in the jurisdiction of origin, and it cannot be garnisheed in another jurisdiction for debts owing by it to home creditors, so as to make the attachment effectual against such a creditor in the absence of jurisdiction acquired over his person.

The law of a state cannot make a debtor, who is actually a non-resident, a resident, by so declaring, at least so as to bind another jurisdiction by the declaration.

The legal proceedings or judgments of another state are recognized here only where jurisdiction has been acquired according to the course of the common law in the foreign forum; and this although the statutes of that state purport to give its courts jurisdiction, in disregard of the principles and rules of general jurisprudence, which this state is bound to recognize.

In an action upon a policy of insurance issued by defendant, a domestic corporation, it pleaded in abatement, in substance, that it was carrying on business and maintained an agency in the state of Massachusetts; that, pursuant to the laws of that state, it had appointed an attorney therein, upon whom process can be served; that prior to the commencement of this action, an action was brought by creditors of the plaintiff, residing in that state, against him, in which action defendant was made a party defendant as trustee of the plaintiff therein; that said action was commenced by trustee process; that an attachment was issued therein against any effects and credits of plaintiff in the hands of defendant; that the process and attachment were duly served on defendant through its attorney in said state, and by virtue of the attachment the sheriff levied on the debt due plaintiff from defendant

upon said policy; that said action is still pending, and that, by virtue of the laws of said state, its court acquired full jurisdiction of the parties and control over the fund; that defendant had notice of all the proceedings in said action, "and was duly served with process therein." *Held*, that a demurrer to this plea was properly sustained; that defendant was in no just or legal sense a resident of Massachusetts, had no domicile there, and was not the agent of plaintiff; and that, in contemplation of law, the company and the debtor were, at the time of the issuing of the attachment, in this state, and not in Massachusetts.

An affirmative defense set up in an answer is to be treated as a separate plea, and, upon demurrer thereto, defendant is not entitled to the benefit of denials made in another part of the answer, unless incorporated by reference and made a part of the affirmative defense.

Reported below, 63 Hun, 393.

(Argued April 13, 1893; decided April 25, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made March 15, 1892, which affirmed a judgment entered upon an order of Special Term sustaining a demurrer to the answer herein.

This was an action upon a policy of insurance.

The facts, so far as material to the questions discussed, are stated in the opinion.

*G. A. Seixas* for appellant. Upon the principle that a debtor should not be compelled to pay his debt twice it has long been the settled law of this state that a foreign attachment of the debt sued for is pleadable in abatement of an action brought in this state for the recovery of such debt by the creditor, as against whose title thereto such debt has been attached by the foreign attachment. It is not necessary that the debt or any part thereof shall have been in fact paid under such attachment or in any other way. It is enough that the foreign attachment is still pending. (Drake on Attach. [7th ed.] §§ 478, 617, 700; *Donovan* v. *Hunt*, 7 Abb. Pr. 29; *Embury* v. *Haima*, 5 Johns. 101; *F. N. Bank* v. *Burch*, 80 Mich. 242; *Mahr* v. *N. U. F. I. Co.*, 127 N. Y. 452; *Gould* v. *C., B. & Q. R. R. Co.*, 15 N. Y. Supp. 895.) The court

at Special Term, erred in saying that "upon the face of this statement it is clear that nothing was due or owing at the time of such service from defendant to plaintiff, nor was there, at such time, any claim liquidated and adjusted, and under no general public law could any such attachment attach anything." As a fact, the answer admits and alleges that there was a liquidated and adjusted claim and that the attachment was levied on it. By the general public law a debt arising upon contract, though not yet due and payable and though not liquidated, is attachable. (Drake on Attach. [7th ed.] §§ 541, 555, 556, 557, 558, 559; *Clapp* v. *H. Bank,* 1 Allen, 394; *Nichols* v. *Schofield,* 5 R. I. 123; *Ware* v. *Gowen,* 65 Me. 534; *Warner* v. *F. N. Bank,* 115 N. Y. 251.) The answer clearly sets up a good defense within the doctrine we contend for. It must be borne in mind that the question whether the local law of Massachusetts makes this debt subject to attachment in that state, is one of fact and not of law. The demurrer raises only questions of law and admits the facts to be as pleaded in the answer. An issue or allegation as to the law of another state or of a foreign country is an issue or allegation of fact and not of law. (*Western* v. *G. M. I. Co.,* 12 N. Y. 258, 263, 264.) There can be no valid contention that the defendant herein is not subject to the jurisdiction of the Massachusetts court. In so far as the question is what is the local law of Massachusetts on the subject, it is as before stated one of fact, and the averments as to that in the answer are admitted by the demurrer and cannot be denied or disputed on the argument of this demurrer. (*Teel* v. *Yost,* 128 N. Y. 387, 397; *Pringle* v. *Woolworth,* 90 id. 502; *N. Bank* v. *Huntington,* 129 Mass. 144; *Hiller* v. *B. & M. R. R. Co.,* 70 N. Y. 223; *Gibbs* v. *Q. Ins. Co.,* 63 id. 114; *L. Ins. Co.* v. *French,* 18 How. [U. S.] 404; *Plimpton* v. *Bigelow,* 93 N. Y. 592.) The seventh, eighth and ninth paragraphs of the answer set forth in full detail the proceedings had and relied on as a defense, and also allege that each of them was duly had. These allegations are more than sufficient in form. The jurisdiction of a court of general jurisdiction, whether a for-

eign or domestic court, is presumed and need not be alleged, nor until impugned by proof, need it be proven. (*Pringle* v. *Woolworth*, 90 N. Y. 502; *Foot* v. *Stevens*, 17 Wend. 483; *Hatcher* v. *Rochelean*, 18 N. Y. 86; *Hutchinson* v. *Brand*, 6 How. Pr. 73; 9 N. Y. 202; *Schluter* v. *B. S. Bank*, 117 id. 125; Code Civ. Pro. § 532; *Marie* v. *Garrison*, 83 N. Y. 14; *Lorillard* v. *Clyde*, 86 id. 384, 385; *Milliken* v. *W. U. T. Co.*, 110 id. 403–408; *Angell* v. *Van Schaick*, 132 id. 192.)

*William P. Cantwell* for respondent. No questions, it is believed, will arise upon this appeal except those presented by the demurrer. Having denied a portion of the complaint, the defendant cannot, upon this argument, attack the complaint. In other words, the defendant cannot himself plead and demur to the complaint at the same time. (*Wheeler* v. *Curtis*, 11 Wend. 654; *Morey* v. *Ford*, 32 Hun, 446; Baylies' Pleadings & Forms, 287; *Valentine* v. *Lunt*, 51 Hun, 544.) An attachment is a proceeding *in rem*, and not *in personam*. (1 Wait's Act. & Def. 411.) In order to give an attachment or an action commenced by attachment, in which there is no personal service on the debtor, any force or effect, there must be property found and attached; and then the proceeding operates only as to that property. In other words, if there is no property, there is no attachment and no suit. (*O'Neil* v. *Nagle*, 19 Abb. [N. C.] 399; *Williams* v. *Ingersoll*, 89 N. Y. 523; *State Tax*, 15 Wall. 300; *H. N. Bank* v. *Lacombe*, 84 N. Y. 367; Addison on Cont. §§ 238, 241; *Osgood* v. *Maguire*, 61 N. Y. 524; *Guillander* v. *Howell*, 35 id. 657, 662; *H. N. Bank* v. *King*, 10 Abb. [N. C.] 346; *Morrison* v. *M. L. Ins. Co.*, 57 Hun, 97; *Plimpton* v. *Bigelow*, 93 N. Y. 592; Code Civ. Pro. §§ 641, 644, 647; *Willett* v. *E. Ins. Co.*, 10 Abb. Pr. 193; *Bates* v. *N. O., etc., R. R. Co.*, 13 How. 516.) Another action pending in another state is no defense to an action here. (*Cook* v. *Litchfield*, 5 Sandf. 330; *Burns* v. *Miller*, 5 Hun, 51; *Strong* v. *Stevens*, 4 Duer, 668; Wait's Act. & Def. 504; *Hecker* v. *Mitchell*, 5 Abb. Pr. 453; *Osgood* v. *Maguire*, 61 Barb. 54;

*King* v. *Phillips,* 8 Bosw. 603; *Williams* v. *Ayrault,* 37 Barb. 364; *Brown* v. *Joy,* 9 Johns. 221; *Walsh* v. *Durkin,* 12 id. 99; *Suley* v. *Brewer,* 1 Daly, 79; *L. F. Ins. Co.* v. *Mesural,* 7 Robt. 308; *O. C. Bank* v. *Bonney,* 101 N. Y. 173.) It is the settled law of this state that any attempt by attachment or trustee process to deprive a non-resident debtor of his property without service upon him in some form of a notice thereof, is a violation of the fourteenth amendment of the Constitution of the United States, section 1 of which says: "Nor shall any state deprive any person of life, liberty or property without due process of law." (*Martin* v. *C. V. R. R. Co.,* 50 Hun, 349; *Stewart* v. *Palmer,* 74 N. Y. 184; *C. L. Ins. Co.* v. *Palmer,* 113 U. S. 576; *Davidson* v. *New Orleans,* 96 id. 105.) It is stated in the answer that this debt from the defendant to Douglass has passed into the custody of the law of Massachusetts, which means that Douglass has been deprived of it. Such an allegation is a mere conclusion or inference, and cannot be of any use to the pleader. But passing by that objection we submit that the answer shows nothing of that kind. To effect that object, according to any conceivable theory of this case, the Massachusetts court must have obtained at least complete jurisdiction over the thing attached. (*Towle Case,* 57 Vt. 622; *Martin Case,* 50 Hun, 354; *Andrews* v. *Herriott,* 4 Cow. 524; *Long* v. *Long,* 1 Hill, 597; *Cornell* v. *Barnes,* 7 id. 35; 1 Abbott's Forms, 334, 335; 2 id. 334; *Roberge* v. *C. V. R. R. Co.,* 18 Abb. [N. C.] 263; *Wheeler* v. *Raymond,* 8 Cow. 315; *Cook* v. *Warren,* 88 N. Y. 37, 40; *Knapp* v. *City of Brooklyn,* 97 id. 520; *Wood* v. *Emory,* 105 id. 282; *Hemmingway* v. *Poucher,* 98 id. 281; Baylies' Pl. 23; *Angell* v. *Van Schaick,* 56 Hun, 247; *Allison* v. *Hart,* 56 id. 282; *Bogardus* v. *N. Y. L. Ins. Co.,* 101 N. Y. 337; *Sheldon* v. *Hopkins,* 7 Wend. 435; *Stiles* v. *Stewart,* 12 id. 473; *Cornell* v. *Barnes,* 7 Hill, 35; *Lawton* v. *Erwin,* 9 Wend. 233; *Mills* v. *Duryea,* 7 Cranch, 481; *Moe* v. *Moe,* 2 T. & C. 647; *Holmes* v. *Holmes,* 4 Lans. 388; 57 Barb. 305; *Todd* v. *Kerr,* 42 id. 317; *Kerr* v. *Kerr,* 41 N. Y. 272; *McGifferty* v. *Mc-*

*Gifferty*, 31 Barb. 69 ; *Vischer* v. *Vischer*, 12 id. 640 ; *Borden* v. *Fitch*, 15 Johns. 141 ; *People* v. *Baker*, 76 N. Y. 83, 87 ; *Collins* v. *Collins*, 80 id. 7 ; *O'Dea* v. *O'Dea*, 101 id. 23 ; *Jones* v. *Jones*, 108 id. 415–424 ; *De Meli* v. *De Meli*, 120 id. 485 ; *Tattle* v. *Smith*, 24 How. 395 ; *Hobb* v. *Dunkin*, 19 id. 164 ; *Gibbs* v. *Q. Ins. Co.*, 63 N. Y. 123 ; *Bates* v. *N. O., etc., R. R. Co.*, 13 How. 516, 526, 527 ; *Weber* v. *Doran*, 70 Me. 140 ; 11 U. S. Dig. [N. S.] 394 ; *Heege* v. *Frain*, 18 Mo. App. 139 ; 17 U. S. Dig. [N. S.] 299 ; *Hibbard* v. *Everett*, 65 Iowa, 372 ; 17 U. S. Dig. [N. S.] 300 ; *Bucklin* v. *Powell*, 60 N. H. 216 ; 16 U. S. Dig. [N. S.] 304 ; *Rinehart* v. *Hardesty*, 17 Nev. 141 ; 15 U. S. Dig. [N. S.] 350.) An attachment, trustee process, or by whatever name it may be called, is of course a matter of statute wherever it exists. Hence, it follows that where it becomes essential to allege it as occurring in another state, the precise statute authorizing it must be pleaded, to the end that our court can see whether that court had jurisdiction, and whether the proceedings were valid. *Abell* v. *Douglass*, 4 Den. 305 ; *Throop* v. *Hatch*, 3 Abb. Pr. 23 ; *Wright* v. *Delafield*, 23 Barb. 498 ; *White* v. *Knapp*, 47 id. 549 ; *Davis* v. *Garr*, 6 N. Y. 124 ; *Holmes* v. *Broughton*, 10 Wend. 75 ; *Crawford* v. *Slade*, 44 Am. Dec. 464; 1 Abb. Forms, 332.) The courts of this state will not give effect to foreign laws which contravene the spirit of our own, when the rights of our own citizens are concerned. (*Edgerly* v. *Bush*, 81 N. Y. 199 ; *Dike* v. *E. R. R. Co.*, 45 id. 118 ; *Martin* v. *Hill*, 12 Barb. 531.) The pretended defense has ceased. Hence, only an abstract question remains. The court does not sit to determine such questions. The appeal should be dismissed. (*People ex rel.* v. *Grace*, 16 N. Y. S. R. 1011; *People ex rel.* v. *Troy*, 82 N. Y. 575 ; 1 Rumsey's Pr. 208; *Clark* v. *Clark*, 7 Robt. 276 ; *Smith* v. *Hart*, 11 How. 203, 206.)

ANDREWS, Ch. J. The defense demurred to is in substance that the debt owing by the Phenix Insurance Company to the plaintiff, had been, prior to the commencement of this

action, attached in the state of Massachusetts in an action in the Superior Court of that state, brought by John S. Alley and others against the parties in this action and the insurance company, to recover a debt owing by the plaintiffs to the attaching creditors, and that the Massachusetts action was still pending. This defense was pleaded in abatement of the present action.

The Phenix Insurance Company is a domestic corporation organized under the laws of this state. On the 5th day of February, 1891, at Malone in Franklin county, it issued to the plaintiff, who then was and ever since has been, a resident of Franklin county, a policy of insurance insuring him against loss or damage by fire, in the sum of $2,000, upon his stock of bark at his tannery in said county. The policy was delivered to the plaintiff and has ever since remained in his possession. The property insured was destroyed by fire May 10, 1891, and the plaintiff sustained a loss thereby exceeding the sum insured, for which under the policy the defendant became liable to pay the sum mentioned therein.

In determining the question whether the defense of foreign attachment set up by the defendant in its answer in abatement of this action, is good in law, the facts hereinbefore stated are to be taken as admitted. They are alleged in the complaint and are not denied by the defendant in its defense based upon the attachment proceedings. The answer does contain, in the part which precedes this defense, a denial of the allegation in the complaint as to the residence of the plaintiff and of the fact that from the 5th day of February, 1891, the date of the policy, he had at all times had possession thereof, and it expressly admits that the defendant is a domestic corporation. The attachment proceedings are set up as an affirmative defense to the cause of action alleged in the complaint, and its sufficiency in law is upon demurrer to be determined from what appears therein. The allegations of the complaint

not denied in the affirmative defense are for the purposes of the question now presented to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defense.

The answer in question alleges the appointment by the defendant of an agent in Massachusetts, under the laws of that state, upon whom process may be served, which was required as a condition of its doing business therein, and that it was engaged in carrying on its business in that state; that in May, 1891, and prior to the commencement of the present action, an action was commenced in the Superior Court of Massachusetts in favor of Alley and others, against the present plaintiff, to recover a debt on contract owing by the present plaintiff to Alley and others, in which action the defendant (the Phenix Ins. Co.) was joined and made a party defendant, as trustee of the plaintiffs in that action; that "the said action was commenced by trustee process or writ directed to and against this defendant as trustee severally of the plaintiff herein." It alleges that the trustee process or attachment was served on the defendant by service on its attorney in Massachusetts, and that it was levied on the debt owing by the defendant to the plaintiff, and that by virtue of the statutes of Massachusetts and the proceedings referred to the debt owing to the plaintiff from the defendant passed into the custody of the law of Massachusetts and became subject to the control and disposition of the Massachusetts court, and that the attachment action and proceedings are pending and undetermined. The answer further alleges that under the law of Massachusetts and the proceedings mentioned, the Massachusetts court acquired jurisdiction of the parties to the action and of the subject-matter and control of the debt owing by the defendant to the plaintiff. In the fourteenth paragraph of the answer, it is alleged that the plaintiff had notice of all the proceedings in the attachment action, and full and ample opportunity to defend the same, " and that said plaintiff was and is named as

a party defendant in said action, and was duly served with process therein." It is quite evident from reading the whole answer that the allegation that the plaintiff "was duly served with process" in the Massachusetts action, was not intended as an averment that personal service of process was made on the plaintiff within the state of·Massachusetts. It at most can only mean that he was constructively served through service made on the garnishee or by publication. The answer in the prior clauses specifically points out how the action was commenced, viz., "by service of the trustee process" on the defendant, the garnishee. It was not claimed on the argument that plaintiff was in fact personally served with process, and it is not averred in the clause quoted that he was served within the state of Massachusetts. It must be assumed, therefore, on this appeal, that the attachment proceeding pleaded in abatement to this action was commenced by process served on the agent of the defendant corporation in Massachusetts, and that the plaintiff, although named as a defendant in the proceedings, was never served with process in that state, and never appeared in the action.

In the view we take of the case it may be further admitted, as claimed by the defendant, that it sufficiently appears by the averments in the answer that by the law of Massachusetts the debt due to the plaintiff, a resident of this state, from the defendant, a corporation of this state, could be attached and held under trustee process served on the defendant's agent in that state, in proceedings instituted by a creditor of the plaintiff in Massachusetts, and this although the plaintiff was neither served with process in Massachusetts nor appeared in the action.

We are of opinion that the answer demurred to was insufficient in law to stay the further prosecution of this action. The right of the plaintiff to prosecute his action in the courts of his own state cannot be defeated by the pendency of attachment proceedings in another jurisdiction by a creditor there, to reach the debt owing to the plaintiff by the defendant, where the only claim of jurisdiction by the foreign

court rests upon statutory authority to seize the debt by and through process proceedings against the agent of a corporation of this state which owes the debt, but which has an agent in the state where the seizure is made. The pendency of a suit *in personam* in one state is not according to the general rule pleadable in abatement of a suit subsequently commenced in another state, between the same parties, on the same cause of action, although the courts of the state where the prior suit is pending had complete jurisdiction. The court on application may, in its discretion, grant a continuance by reason of the pendency of the first action, and a judgment once obtained in one of the actions would, on application of the court, be allowed to be set up in bar of the further prosecution of the other. But the pendency of an action in another state, between the same parties and for the same cause, does not, according to the general rule, abate the second suit. (*Brown* v. *Joy*, 9 Johns. 221; *Walsh* v. *Durkin*, 12 id. 99; *Oneida County Bank* v. *Bonney*, 101 N. Y. 173; *Cook* v. *Litchfield*, 5 Sandf. 300.) An exception to this general doctrine was made in this state in the early case of *Embree* v. *Hanna* (5 Johns. 100), in respect to prior attachment proceedings instituted in the state of Maryland under the laws of that state against a debtor of a New York creditor, by a creditor of the latter. The New York creditor subsequently commenced an action in this state against his Maryland debtor, to recover the debt, and the defendant pleaded in abatement the pendency of the attachment proceedings in Maryland, and the plea was held to be good, on the ground that the debtor might otherwise be compelled to pay the debt twice.

But attachment suits partake of the nature of suits *in rem*, and are distinctly such when they proceed without jurisdiction having been acquired of the person of the debtor in the attachment. Real and personal property may be subjected to seizure and sale for the payment of debts of the owner, according to the laws of the state or sovereignty where the property is, having regard to the fundamental condition that due process of law shall precede the appropriation. It is

undeniable that a state may authorize the seizure and sale by means of appropriate judicial proceedings of property of non-residents within the jurisdiction for the payment of their debts.    There must be notice and an opportunity to be heard, either actual or constructive, in such way and form as the law may prescribe.    But no state can subject either real or personal property out of the jurisdiction to its laws.    It may, and often does, compel persons, through the process and judgment of its courts, to perform acts which affect their title and interest in and to property outside of the limits of the state.    Having acquired jurisdiction of the person, the courts can compel observance of its decrees by proceedings *in personam* against the owner within the jurisdiction.    But it is a fundamental rule that in attachment proceedings the *res* must be within the jurisdiction of the court issuing the process, in order to confer jurisdiction.    (*Plimpton* v. *Bigelow,* 93 N. Y. 593.)    In the case of movables their seizure under the attachment shows that their actual situs is within the jurisdiction.    But in respect to intangible interests, debts, choses in action, bonds, notes, accounts, interests in corporate stocks and things of a similar nature, the question whether the *res* is within the jurisdiction of the sovereignty where the process is issued, is not so readily determined.    The general rule is well settled that the situs of debts and obligations is at the domicile of the creditor.    But the attachment laws of our own and of other states recognize the right of a creditor of a non-resident to attach a debt or credit owing or due to him by a person within the jurisdiction where the attachment issues, and to this extent the principle has been sanctioned that the laws of a state, for the purposes of attachment proceedings, may fix the situs of a debt at the domicile of the debtor.    (*Embree* v. *Hanna, supra ; Williams* v. *Ingersoll,* 89 N. Y. 508, 529.)    It is at least doubtful whether this qualification of the general rule applies to negotiable instruments or other written obligations of a resident debtor, held by and in the possession of his non-resident creditor.    (See *Osgood* v. *Maguire,* 61 N. Y. 524.)    But we repeat, no court can acquire jurisdiction in

attachment proceedings unless the *res* is either actually or constructively within the jurisdiction, and we are of opinion that the attempt to execute an attachment in Massachusetts upon the debts owing to the plaintiff by the insurance company, by serving upon the agent of the corporation there, and without having acquired jurisdiction of the plaintiff, must fail for the reason that the debtor, the insurance company, was in no just or legal sense a resident of Massachusetts and had no domicile there, and was not the agent of the plaintiff, and that in contemplation of law the company and the debt were at the time of the issuing of the attachment in the state of New York, and not in the state of Massachusetts. This court has had occasion heretofore to consider the effect of the act of a foreign corporation constituting an agent in another state, upon whom proceedings may be served, done in compliance with the laws of such state in pursuance of a condition imposed, and to enable the corporation to do business in such state. It has been held that by such act the corporation does not change its domicile of origin or its residence. It becomes bound by judgments rendered upon service on the designated agent, because it has consented so to be bound, but it remains as before a resident of the state where it is incorporated. (*Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 114; *Plimpton* v. *Bigelow, supra.*) If in this case the insurance company could be regarded as residing or having its domicile in Massachusetts for the purpose of attachment proceedings, it likewise has a domicile in every state where it may have appointed an agent under similar laws, and so constructively, upon the theory upon which the Massachusetts attachment is defended, the corporation is present as debtor to the plaintiff in every state where such agency exists, and the credit is also present at the same time in each of such jurisdictions. The admission of such a principle would give rise to most embarrassing conflicts of jurisdiction and subject creditors of domestic corporations to great prejudice. We think the rule is that a domestic corporation at all times has its exclusive residence and domicile in the jurisdiction of origin, and that it cannot be

garnisheed in another jurisdiction for debts owing by it to home creditors, so as to make the attachment effectual against its creditor in the absence of jurisdiction acquired over the person of such creditor.

The defendant calls attention to general averments of jurisdiction by the Massachusetts court, acquired under the laws of Massachusetts, contained in the answer. The laws of that state are not set out, and we cannot know how far they assume to authorize attachment proceedings under the circumstances existing in this case. But the question in this state cannot be controlled by the statutes of Massachusetts. The legal proceedings or judgments of another state are recognized here only where jurisdiction has been acquired in the foreign forum. But it is only jurisdiction in an international sense, or according to the course of common law, and judicial proceedings which conform to, or rather, which are not taken in disregard of the principles and rules of general jurisprudence, which this state is bound to recognize, and if the laws of Massachusetts go to the extent claimed, and assume to authorize attachment proceedings to seize a credit owing to a resident of this state, when neither the debtor nor creditor are within the jurisdiction, this state is not, we think, bound to recognize them. The law of a state cannot make a debtor a resident of that state by so declaring, contrary to the fact and the rule of general law, at least so as to bind another jurisdiction by the declaration.

We deem it unnecessary to consider the position of the defendant. If it may be subjected to embarrassment, or even to a double judgment, it will be in consequence of its own act in voluntarily subjecting itself to the laws of Massachusetts. The power of the court to grant a continuance in a proper case, will generally afford a remedy to a party so situated. But the plaintiff ought not to be prejudiced or prevented from collecting his debt in this state. This court has disclaimed jurisdiction in the courts of this state to attach debts owing by a foreign corporation, or interests in the stock of such corporations, belonging to non-residents, by notice or process

served on the agents of such corporations in this state. (*Plimpton* v. *Bigelow, supra ; Straus* v. *Chicago Glycerine Co.*, 46 Hun, 216 ; affd. 108 N. Y. 654). The court in these cases construed the attachment laws in view of the principles of general jurisprudence, although the language of the statutes embraced the cases in question.

The judgment should be affirmed.

All concur.

Judgment affirmed.