(6 Misc. Rep. 384.)

### SARGENT v. SARGENT GRANITE CO., (two cases.)

(Common Pleas of New York City and County, General Term. January 4, 1894.)

1. ABATEMENT—ANOTHER ACTION PENDING—FOREIGN ATTACHMENT.
   Pendency of an action with an attachment in the court of another state is not pleadable in abatement of an action in this state by the same plaintiff for the same cause against the same defendant. 23 N. Y. Supp. 886, reversed.

2. SAME—PLEA.
   Requisites of a plea of pendency of a foreign attachment.

(Syllabus by the Court.)

Appeal from special term.

Two actions,—one of Winthrop Otis Sargent against the Sargent Granite Company, and the other by Francis T. Sargent against the same respondent. From an order overruling a demurrer to the defense in each case, (23 N. Y. Supp. 886,) plaintiffs appeal. Reversed.

The defense demurred to is as follows:

"For a further and separate defense it alleges upon information and belief that prior to the beginning of this action plaintiff began an action against defendant in the supreme court of the state of Maine for the same cause of action set up herein, and in said action plaintiff has attached the property of defendant; that said action is now pending and undetermined."

The defendant is a New York corporation.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George Carlton Comstock, for appellants.

Harriman & Fessenden, (James D. Fessenden, of counsel,) for respondent.

PRYOR, J. When a superior court exercises statutory powers in accordance with the customary form of common-law or chancery procedure, the usual presumption as to its jurisdiction is entertained; but when those powers are to be exercised in a special or summary manner the record must show that the court had jurisdiction, and proceeded in the way prescribed by the statute. 12 Amer. & Eng. Enc. Law, 276; Fergurson v. Crawford, 70 N. Y. 253, 259; Embury v. Conner, 3 N. Y. 511, 522; Galpin v. Page, 18 Wall. 350; Haywood v. Collins, 60 Ill. 328. The process of attachment is the creature of statute, and subsists only in conformity with the statutory regulation. Drake, Attachm. § 83; Wap. Attachm. 24; Haywood v. Collins, supra. Hence a plea of a pending attachment in a foreign jurisdiction must allege the statute by authority of which it issues, and exhibit the proceedings at large, "that it may be seen that the right to attach the debt existed, and that the law has been strictly pursued." Crawford v. Clute, 41 Amer. Dec. 92, 93; Wheeler v. Raymond, 8 Cow. 315, note; Holmes v. Broughton, 10 Wend. 77; Drake, Attachm. § 705. The strictness of the former practice in pleading a dilatory defense still prevails. White v. Miller, 7 Hun, 427; Wigand v. Sickel, 42 N. Y. 120. Reciting nothing more than that in an action in the supreme court of Maine the plaintiffs attached the defendant's property, the plea in

controversy is obviously invalid. The allegation of the attachment is but the statement of a legal conclusion, and so is not admitted by the demurrer. Douglas v. Insurance Co., 63 Hun, 393, 398, 18 N. Y. Supp. 259, affirmed 138 N. Y. 209, 33 N. E. 938.

Again, it is not apparent that the attachment in Maine issued before the commencement of this action, nor that the attachment is now pending, nor that the property attached is equivalent in value to the plaintiff's demand; all which allegations are essential to the sufficiency of the plea. Hadden v. Railroad Co., 57 How. Pr. 390; Hecker v. Mitchell, 5 Abb. Pr. 454; Marsh v. Manufacturing Co., 46 N. Y. Super. Ct. 8; Embree v. Hanna, 5 Johns. 101; Wheeler v. Raymond, 8 Cow. 311. Since, in any event, the order overruling the demurrer must be reversed, it is not necessary to consider the defense which the plea essays to interpose; but as, doubtless, if not determined now, the question involved will be presented again by an amended answer, we may properly dispose of it on the present appeal. The question is whether the pendency of an attachment in an action in another state is pleadable in abatement of a subsequent action in this state by the same plaintiff for the same cause against the same defendant. That the mere pendency of an action in another jurisdiction will not abate an action here for the same cause between the same parties is settled beyond dispute. Douglass v. Insurance Co., 138 N. Y. 209, 218, 33 N. E. 938. Why, then, should the added incident of an attachment work that result? "A plaintiff is entitled to all the remedies provided by law for the collection of his debt, and need not be satisfied until he has had such a judgment as will bind the defendant individually." Bank v. Bonney, 101 N. Y. 173, 175, 4 N. E. 332. The suit in Maine, not being an action in personam, cannot issue in a judgment binding upon the defendant and available to the plaintiff beyond the appropriation of the property attached. Cooper v. Reynolds, 10 Wall. 308; Douglass v. Insurance Co., supra. Hence the remedy by the suit in Maine is not commensurate with the remedy in the present action; and, upon principle, therefore, the plaintiff should not be compelled to forego a complete for a partial redress. Moreover, the rights secured by an attachment being provisional, and contingent on a recovery by the plaintiff, it follows that a final judgment for the defendant ipso facto vacates the attachment, and restores the parties to their original condition before the service of the writ, (Bank v. Bachelder, 39 Amer. Dec. 609;) and, pending the action, the inchoate lien of the attachment may be lost by a dissolution of the process for any one of many causes, (7 Lawson, Rights, Rem. & Pr. §§ 3580-3589.) Plainly, so precarious and inadequate a remedy as an attachment affords, should not deprive the creditor of the security of a judgment conclusive of his claim, operative in personam, and available always and everywhere.

How stands the question upon authority? Not a solitary decision, or dictum even, is cited to sustain the proposition that an attachment merely is a good plea in abatement. The adjudication below proceeds on the assumption of an analogy between garnishment and attachment, but the argument is fallacious. Garnish-

ment of the debt by a third person is pleadable in abatement of a suit by the creditor, because otherwise the garnishee might be subjected to a double recovery. Embree v. Hanna, 5 Johns. 101. But the attachment before us "is not analogous to the case of the pendency of a prior foreign attachment by a third person, for here the defendant would not be obliged to pay the money twice, since payment at least, if not a recovery in one suit, might be pleaded puis darrein continuance to the other suit; and, if the two suits should even proceed pari passu to judgment and execution, a satisfaction of either judgment might be shown upon audita querela or otherwise in discharge of the other." Bowne v. Joy, 9 Johns. 221; Trubee v. Alden, 6 Hun, 75, 78. Indeed, upon application by the defendant, trial of the second suit may be stayed until the determination of the first, (Douglass v. Insurance Co., 138 N. Y. 218, 33 N. E. 938,) and an attachment in the second may be denied because of an attachment in the first, (Trubee v. Alden, 6 Hun, 75.) It is, then, an illusory apprehension that, unless the plea in abatement be allowed, a defendant may be harassed by concurrent attachments in every state of the Union. The defense interposed is insufficient in substance, (Woodruff, J., in Hecker v. Mitchell, 5 Abb. Pr. 454,) and the demurrer should have been sustained. So much of the order and judgment as plaintiffs appeal from reversed, and judgment ordered for plaintiffs upon their demurrers, with costs in both actions. All concur.