Per Curiam.
We have carefully examined the facts of this case, the authorities cited by the learned counsel for the respective parties, and the very able opinion of the learned trial judge, and have reached the conclusion that the j udgment should be affirmed upon that opinion.
Judgment affirmed, with costs.
The opinion of Mr. Justice Kellogg, at circuit, is as follows :
The complaint in this action is upon a promissory note for the sum of $150 made by the defendant, payable to the plaintiff or her order. The answer, in. substance, alleges, as a bar to the recovery on the part of plaintiff, a judgment rendered before a justice *of the peace in the state of Yermont, in an action there brought by one Alonzo Herrick against M. Eugene Ward, the husband of this plaintiff, and wherein it is claimed that the justice determined that the note in question was-not the property of the plaintiff in this action, but the property of her said husband, M. Eugene Ward. The record of that proceeding before the justice *391 shows that M. Eugene Ward, at the. time of the commencement of the action, and at the time of the rendition of the judgment, was a resident of Granville, in the county of Washington, and state of New York; that the plaintiff in that action, Alonzo Herrick, was a resident of Poultney, in the county of Rutland, and state of Yermont. The record further shows that no process, or notice of any kind of the proceedings pending before the said justice, was ever given to the defendant, M. Eugene Ward ; that no summons was published, and no personal notice to the defendant is shown. On the contrary, it is shown that the entire proceedings before the said justice were taken while the defendant, M. Eugene Ward, was wholly ignorant that any such proceedings were pending. The record of such proceedings further shows that the justice rendered a judgment against the said defendant for the sum of $172.45 damages, and costs, $4.34. The record of the proceedings further shows that the defendant in this action, George B. Boyce, was a resident of the state of Yermont; that an attachment or trustee process was issued by the said justice, and served upon the said George B. Boyce, in the said state of Yermont, on the 26th day of September, 1893, attaching whatever of indebtedness was owing by the said George B. Boyce to M. Eugene Ward. And thereafter, on the 9th day of October, 1893, the said George B. Boyce appeared in said court and filed an affidavit whereby he disclosed to the said court that on the 4th day of September, 1893, he made the note in question in this action, and says: “ At said defendant’s place, in Granville, N. Y., I purchased several head of cattle for the price of $200} paying $50 down. Mrs. Mary E. Ward claimed to own the cattle, and the sale to me was made in her name, although her husband [the defendant in that action] was present. I gave to Mrs. Ward my note, payable to her, for $150, payable one day from date. Said note is unpaid.” He also discloses in said affidavit that no other property of any kind of the defendant’s was in his possession, and he further asks that the said Mary E. Ward be cited to appear as claimant. The record further shows that these proceedings were then adjourned until November 27, 1893, and a citation was issued, and the officers were directed to serve the same, not less than six days before the 27th of November, 1893, upon Mary E. Ward, in substance requiring her to come in and make contest as to the ownership of the said note. The proceedings further show that such citation was served upon Mary E. Ward at Montpelier, in the state of Yermont, on the 21st day of November, 1893, personally, and that she did not appear or make any contest before the said justice touching the said note or its ownership. The record further shows that upon default of appearance of said Mary E. Ward the said justice, on the 27th day of November, 1893, rendered a judgment against the maker of the said note, G-eorge B. Boyce, in favor of the said Alonzo Herrick, a creditor of this plaintiff’s husband, for the amount of said note, $150, and interest. It appears by the papers that, prior to the rendition of such judgment against the defendant herein by the said justice, this action had been brought in the county of Washington and *392 state of New York, and personal service of summons and complaint herein had been made upon George B. Boyce, to wit, on the 24th day of October, 1893 ; and the record of the proceedings before the said justice does not disclose this fact, or that the said George. B. Boyce made known the fact of the pendency of this action to the said justice, or asked to have a stay of the proceedings before the said justice until the determination of this action pending in the supreme court in Washington county, in the state of New York.
The facts in this case present something more than can be found in the facts of any reported case to which my attention has been directed. It not only discloses the fact that the justices’ courts in the state of Vermont assume the right to render judgments against debtors, residents of the state of New York, without giving them any notice whatever ^ of the proceedings before them, either by publication, or by personal service within or without the state, but discloses that such justices assume the additional power of determining as to third parties, residents in the state of New York, any controversy respecting the claims of said third persons touching property which may be attached in the state of Vermont by the process of such justices in actions against others, and the right to bring in such parties, and exercise the powers of a court of equity in determining as to such ownership, and as to any fraud which may have been practiced in acquiring a title to such property, all in the same action. To a practitioner in the state of New Yofk, these powers of a justice of the peace in the state of Vermont appear to be largely in excess of the powers vested in the supreme court of this state, either equitable or legal, in'a single action; but without passing upon the question of whether the legislature of the state of Vermont may or may not vest such functions, all in a single action, in a justice of the peace within its jurisdiction, it seems to me that these proceedings before the justice are fatally defective. It is obvious that unless a judgment could have been rendered in that proceeding before the justice in the town of Poultney which would have been a valid judgment against the party trusteed, namely, George B. Boyce, that the action there must wholly fail; that there could have been no lawful determination of the question as to whether the plaintiff in this action, Mary E. Ward, was in fact the owner of said note. On the assumption, then, that the indebtedness of George B. Boyme was an indebtedness running to M. Eugene Ward, the husband of this plaintiff, and not to this plaintiff herself, the judgment there would be no protection to George B. Boyce in any action commenced in the state of New York against George B. Boyce in the name of M. Eugene Ward. The facts in this case are exactly the facts in Martin v. Central Vt. Railroad Co., 50 Hun, 347; 20 St. Rep. 375, in which the court distinctly holds that such a judgment is void by reason of the fourteenth amendment to the constitution of the United States, which says: “Nor shall any state deprive any person of life, liberty or property* without due process of law.” In this case, as in that, no notice whatever was given to M. Eugene Ward, the alleged *393 debtor, of tbe proceedings before the justice. In this case, as in that, the notice of attachment was served upon M. Eugene Ward by the delivery of a copy to the party trusteed, namely, George B. Boyce. In this case, as in that, no notice whatever of the pending proceedings was given to M. Eugene Ward, the alleged debtor. All the facts, indeed, are similar in all particulars to the facts set forth in the case reported. Little, if anything, can be added to the clear discussion of the subject entered into in the opinion of Learned, P. J., and Landon, J., as reported in that action. It is, therefore, unnecessary to here discuss the subject. A simple reference to that case and the opinions therein written is sufficient. The case of Martin v. Cent. Vt. Railroad Co., has not been reversed, or the principles therein enunciated in any manner overruled, so far as I have been able to discover. In fact, this case has been several times since quoted and approved, and must be taken to be the law until some higher court shall decide otherwise. In Douglass v. Phœnix Ins. Co., 138 N. Y. 218; 52 St. Rep. 164, Justice Andrews uses this language: “ Real and personal property may be subjected to seizure and sale for the payment of debts of the owner, according to the laws of the state or sovereignty where the property is, having regard to the fundamental condition that due process of law shall precede the appropriation. * * * There must be notice, and an opportunity to be heard, either actual or constructive, in such way and form as the law may prescribe.” I have not entered into the question because it does not seem necessary, as to where the situs of the negotiable promissory note sued upon in this action actually was at the time of the pretended attachment by the justice’s process in Yermont. The note was executed in the state of New York. It is dated in the state of New York. The payee, the plaintiff in this action, was then residing, and resides now, in the state of New York. Whether, under such circumstances, any process issued out of a court in the state of Yermont could reach this note, is a very serious question. Referring to this question, the language of Justice Andrews, in Douglass v. Phœnix Ins. Co., 138 N. Y. 219; 52 St. Rep. 164, is applicable, namely: “ It is at least doubtful whether this qualification of the general rule applies to negotioble instruments, or other written obligations of a resident debtor, held by and in possession of his non-resident creditor.” In fact, the case of Osgood v. Maguire, 61 N. Y. 524, is authority against the proposition that the situs of negotiable paper can ever be determined by the laws of a state to be at the residence of the debtor, where the owner of such paper resides in another state, and such paper is made payable in such other state. This seems to me to dispose of the whole contention on the part of the defendant, for if the judgment was void rendered by the justice in Poultney, Vt., which is set up in the answer as a bar to this action, so far as such judgment relates to M. Eugene Ward, certainly the equitable part of such judgment, determining that this note belongs to the said M. Eugene Ward, and not the plaint- *394 iff herein, is also void. The plaintiff makes many objections to the record of these proceedings, other than the one to which I have referred. I. have not, however, given attention to such objections, nor have I passed upon them, fpr the reason that upon the merits, and on the grounds stated, I find that in no event can the Yermónt judgment be a defense in this action.