■ MARTROPICO COMPANIA NAVIERA S. A., Appellant, v PERUSAHAAN PERTAMBANGAN MINYAK DAN GAS BUMI NEGARA (PERTAMINA), Respondent. —Order of the Supreme Court, New York County, entered April 28, 1977 which denied plaintiff's motion to renew or reargue its prior motion for a protective order is unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the motion is granted and upon renewal the order of the Supreme Court, New York County, entered February 2, 1977 which vacated certain provisions of an order entered November 9, 1976 is modified so as to permit disclosure as indicated hereinbelow. Appeal from the afore-mentioned order entered February 2, 1977 is unanimously dismissed as academic, without costs and without disbursements. By this action, initiated pursuant to CPLR 3213, plaintiff seeks recovery on a series of promissory notes in the amount of $15 million. The summons was served upon defendant at its New York offices. On July 21, 1976 plaintiff obtained an ex parte order of attachment of defendant's assets. Subsequently, during the period July 23, 1976 to April 28, 1977, a series of ex parte orders in aid of disclosure and protective orders against said orders were issued, including an order entered November 9, 1976 (denominated second supplemental order for disclosure in aid of attachment); an order entered February 2, 1977 (herein appealed from); and an order entered April 28, 1977 (herein appealed from). The order of November 9, 1976, encompassing disclosure regarding out-of-State assets of defendant held by subsidiaries or affiliates of garnishees where the subsidiaries or affiliates are resident of or doing business in the State of New York, was proper. The vacatur to this effect by the order of February 2, 1977 was error. CPLR 6220 (disclosure in aid of attachment) provides for disclosure by "any person of information regarding any property in which defendant has an interest, or any debts owing to the defendant" (emphasis added). In these circumstances, under said section, interrogation need not be limited to property in New York (see Michelsen v Brush, 233 F Supp 868, 869). Said

order of February 2, 1977 is modified accordingly. In this connection, it would be a matter for determination of Special Term whether the subsidiaries or affiliates resident of or doing business in the State of New York should be examined prior to inquiry of the garnishee-parent companies. the order of November 9, 1976, encompassing disclosure from the garnishees with respect to their nonresident subsidiaries or affiliates that may have assets in the State of New York, was proper. The vacatur to this effect by the order of February 2, 1977 was error as there is in rem jurisdiction when such assets are found to be present in the State of New York. (*Douglass v Phenix Ins. Co.*, 138 NY 209, 219; see, also, *Cohen v Loeb, Rhoades & Co.*, 48 Misc 2d 159.) Said order of February 2, 1977 is modified accordingly. We believe, however, that the order of February 2, 1977, to the extent that it modified the order of November 9, 1976 by prohibiting inquiry with respect to assets of defendant where such assets are held by nonresident subsidiaries or affiliates of the garnishees and are not within the State of New York, was proper. CPLR 6220 is not to be applied so broadly as to be unreasonable. (7A Weinstein-Korn-Miller, NY Civ Prac, pars 6202.14, 6220.03; 65 Col L Rev 342, 343.) Settle order on notice. Concur—Murphy, P. J., Lupiano, Birns and Capozzoli, JJ.